Borough of Monroeville, and Jack R. Norris, Zoning Officer of Said Borough and Shangri-La Residents Club, Inc., a Nonprofit Corporation, Appellants, v. Effie's Ups and Downs, an Unincorporated Association, by James A. Rutter, Trustee Ad Litem, Appellee.

280

Argued November 8, 1973, before President Judge
Bowman and Judges Crumlish, Jr., Kramer, Wilkin-
son, Jr., Mencer, Rogers and Blatt.

*Richard L. Rosenzweig,* with him *Rosenzweig &
Rosenzweig,* for appellants, Borough of Monroeville and
Jack R. Norris.

*James W. Daub,* for appellant, Shangri-La Residents Club, Inc.

*Frederick A. Boehm,* with him *Goehring, Rutter & Boehm,* for appellee.

OPINION BY JUDGE BLATT, February 15, 1974:

Effie's Ups and Downs (Association) is an unincorporated association which leases a 40 acre tract of land in the Borough of Monroeville. The Association intends to develop this tract as a recreational area, providing snowmobile and trailmobile facilities and a lodge for the use of Association members. At the time these proceedings were begun, the tract was in a district zoned "S" Conservancy, and a recreation area was a permitted use therein when operated by a non-profit organization, which the Association claims to be. When it sought appropriate permits from the Borough Zoning Officer, Jack R. Norris, however, these were denied because: (1) there was no evidence submitted that the Association was a non-profit organization; (2) under an amendment to the zoning ordinance which was then allegedly "pending" before the Borough Council, approval as a conditional use was required; and (3) the application did not comply with Section 1707.2 of the zoning ordinance, which provides that, during a period of 60 days following introduction of any ordinance proposing changes in zoning classification, the zoning officer may not accept applications for permits in the area involved for any use or structure which would be prohibited under the proposed ordinance. The Association then filed a complaint in mandamus in the Court of Common Pleas of Allegheny County, seeking to compel issuance of the permits. An answer was filed and both parties thereafter filed motions for summary judgment, as well as affidavits supporting said motions. Following argument, judgment was entered in favor of the Association.

On appeal to this Court the appellants have essentially argued that mandamus was an inappropriate remedy, that the Association had no clear right to the permits and that summary judgment for the Association was not warranted. We find these contentions to be without merit.

Although litigants are not to be encouraged to circumvent the normal zoning appeal procedures by way of actions in mandamus, such actions may be brought in certain circumstances. Section 909 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. 805, 53 P.S. §10909, provides, *inter alia*: "Nothing contained herein shall be construed to deny to the appellant the right to proceed directly in court, where appropriate, pursuant to Pa. R. C. P., Sections 1091 to 1098 relating to mandamus." "It must be noted that the mandamus provision of Section 909 is qualified by the phrase 'where appropriate.' This does not indicate an intention to expand the function of mandamus in the area of zoning; rather it indicates an intention to leave in force judicial determinations of appropriateness. . . ." *Unger v. Hampton Township,* 437 Pa. 399, 405, 263 A. 2d 385, 389 (1970). "[M]andamus is an extraordinary writ which can issue only when plaintiffs have a clear legal right to the performance of a ministerial act by the defendant, whose duty it is to perform that act. . . . Mandamus will not lie to control the exercise of official discretion, but it will issue to compel the exercise of discretion or to prevent the arbitrary or fraudulent exercise thereof. . . . And where plaintiffs have a clear legal right to the issuance of a building permit, then mandamus is the proper means to compel the officials to issue it. . . ." *Commercial Properties, Inc. v. Peternel,* 418 Pa. 304, 309, 211 A. 2d 514, 517-518 (1965).

In a case very similar to the instant one, *Lhormer v. Bowen,* 410 Pa. 508, 188 A. 2d 747 (1963), the plain-

tiff sought a building permit, which was denied because a postponed amendment to the local zoning ordinance would prohibit the planned use in the district concerned. The plaintiff then brought an action in mandamus to require issuance of the permits, and the Supreme Court held that the proposed amendment was not "pending" at the time the permits were applied for and, therefore, because the plaintiff met all requirements under the then-existing ordinance, the permit was ordered to issue. The Supreme Court said: "[W]here the right to the permit is clear, the issuance thereof by the proper official is no more than the performance of a ministerial act which admits of no discretion in the municipal officer, and mandamus is both appropriate and proper to compel performance. . . ." 410 Pa. at 514, 188 A. 2d at 749-750. To similar effect, see *Vagnoni v. Bridgeport Borough Council*, 420 Pa. 411, 218 A. 2d 235 (1966); *Lawrence U. Ginter, Inc. v. Borough of Atglen*, 6 Pa. Commonwealth Ct. 430, 296 A. 2d 293 (1972). It was not improper, therefore, for the Association to bring this action in mandamus.

As to the Association's right to the permits, it seems clear that the lower court was correct in finding that the Association had met all of the necessary requirements under the then existing zoning ordinance and, therefore, that it had the "absolute and unfettered right to the use of the property in question in the manner contemplated by the building permit." While it did fail to supply proof of its non-profit status at the time it applied for the permits, this was immaterial for it did subsequently supply the necessary documentation and could have supplied it earlier had it been reminded to do so. The sole issue, therefore, seems to be whether or not there was a proposed amendment "pending" to the zoning ordinance, which would make the Association's proposed use a conditional rather than a permitted use at the time the Association applied for its permits.

The Association's application was made on October 24, 1972. On October 20, or October 23 (the exact date is unclear) the proposed amendment had been first discussed at a Borough Council meeting, and on October 25 the Planning Commission approved the amendment. Also on October 25 the Borough gave the first public notice of its intention to consider this amendment. On November 14, 1972, the amending ordinance was finally adopted by the Borough Council.

It is clear that a property owner does not have a vested right to obtain a building permit for a use which is repugnant to an ordinance then "pending." *See Varratti v. Ridley Township*, 416 Pa. 242, 206 A. 2d 13 (1965). It is equally clear that an ordinance is "pending" when a Borough Council proposes or resolves to consider a new zoning ordinance, makes the proposal open to public inspection and advertises that the proposal will be considered at a forthcoming public meeting. *Boron Oil Company v. Kimple*, 445 Pa. 327, 284 A. 2d 744 (1971); *Mutzig v. Hatboro Board of Adjustment*, 440 Pa. 455, 269 A. 2d 694 (1970); *Cameron v. Greensburg*, 3 Pa. Commonwealth Ct. 209, 281 A. 2d 271 (1971). Using these criteria, therefore, it is also clear that the ordinance here in question was not actually "pending" at the time the Association applied for its permits. Although the Borough Council had earlier considered the ordinance, public notice was not given of the proposed amendment until October 25, which was one day after the permits were applied for. The Association's application must be governed by the then existing ordinance, pursuant to which it had a clear right to the permits requested.

As to whether or not a summary judgment was properly granted, we believe that it was. A summary judgment may not, of course, be entered where there is a disputed question of fact which is material to the disposition of the case. *See Ryan v. Furey*, 437 Pa. 96,

262 A. 2d 305 (1970); *Commonwealth v. Chesney,* 11 Pa. Commonwealth Ct. 379, 315 A. 2d 675 (1974). It is also true, however, that "[t]he ruling of the trial court on a motion for a summary judgment in mandamus should not be disturbed by a reviewing court except for an arbitrary and capricious abuse of discretion or a clear violation of the law." *Williams v. Rowe,* 3 Pa. Commonwealth Ct. 537, 545, 283 A. 2d 881, 885 (1971). We must hold that there were no disputed questions of material facts in this case and that, therefore, the lower court did not err by entering summary judgment in favor of the Association.

Although we are prepared to affirm the order of the court below, we note that the Association has pointed out in its brief that the lower court's order might be construed to authorize issuance of the permits without evidence of compliance with the Borough's Building Code. We agree, of course, that it is the zoning ordinance which is here in question and that the Association must still be required to comply with the provisions of the Building Code. We are confident, of course, that the Borough will not act unreasonably to insure that these Code requirements are met. With that understanding, therefore, the order of the court below is affirmed.