The City of Greensburg and the Zoning Officer of the City of Greensburg, Appellants, and William B. Courtney and Elizabeth K. Courtney, his wife, Harry Daniels, Rae M. Daniels, William T. Dom, III, and Margaret B. Dom, his wife, Elwood S. Baker and Martha J. Baker, his wife, Bernard P. Walker and Beverly J. Walker, his wife, John M. Baceski and Helen M. Baceski, his wife, and Paul G. Nolder and Donna L. Nolder, his wife, and William B. Sautter and Alice I. Sautter, his wife, Intervening Appellants, *v.* Jared A. Cooper with Boron Oil Company, Appellee.

Argued May 10, 1974, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*Joseph B. Mitinger,* City Solicitor, for appellants.

*A. C. Scales,* with him *John M. Campfield,* for intervening appellants.

*Thomas R. Ceraso,* for appellee.

OPINION BY JUDGE KRAMER, July 1, 1974:

This is an appeal filed by the City of Greensburg and the Zoning Officer of the City of Greensburg (appellants) from an order dated November 30, 1973, of the Court of Common Pleas of Westmoreland County dismissing a petition to open judgment filed by the appellants to an order of summary judgment in mandamus rendered in favor of Jared A. Cooper (Cooper) with Boron Oil Corporation.

For a better understanding of the result of this opinion, it will be necessary to highlight some of the historical background of the case. In October of 1955, the City of Greensburg (City) enacted a zoning ordinance which provided *inter alia* that if territory was annexed to the City, it would automatically become zoned R-1, a one-family residential district. In 1958, the City annexed from the Township of Hempfield certain territory which included 66.928 acres of land which eventually became the property of Cooper in 1967. Thereafter, Cooper applied under the zoning ordinance for four compliance building permits, one of which was for a gasoline service station comprising approximately 0.575 acres of said tract. The City refused to issue the permit and after much litigation, this Court on September 15, 1971, held the annexation zoning provision to be invalid, and ordered the issuance of the permits, one of which was for the gasoline service station. *See Cameron v. Greensburg,* 3 Pa. Commonwealth Ct. 209, 281 A. 2d 271 (1971). The permits were issued and revalidated following our decision.

Cooper's original application for the permit was dated June 29, 1967. After this application was filed

and before this Court's decision in *Cameron, supra,* the City, on April 14, 1971, adopted a new zoning ordinance covering the entire City.[1] Cooper received his permit as a result of the *Cameron* case, but in the meantime, he had lost his prospective tenant. He proceeded to perform certain excavation work to the entire tract preparatory to future construction for new tenants. On April 7, 1969, Cooper received the approval of the City of a subdivision plan, which was duly recorded. The filed subdivision plan contains some slight differences in the metes and bounds for that portion intended to be set aside for the gasoline service station, but the description of the property is substantially the same as the description set forth in the application for a permit filed in 1967. On February 16, 1973, Cooper (together with his wife as a tenant by the entirety) entered into an option agreement with Boron Oil Company for the sale of the 0.575 acre tract. It should be noted that Boron was not the same intended user of the subject property as was involved in the 1967 application for a permit. However, there can be no question that the intended usage of the property by Boron is the same as was intended in the 1967 application.

On June 14, 1973, apparently in accordance with directions given to him by the Zoning Officer of the City, Cooper presented an application for a *new* compliance permit in accordance with the provisions of the new zoning ordinance. This application was refused for the reason that the use Cooper intended was not permitted under the provisions of the 1971 zoning ordinance.

On October 15, 1973, Cooper filed a complaint in mandamus alleging generally the facts stated above

---

[1]This Court noted in *Cameron, supra,* that the 1971 zoning ordinance was properly enacted and is valid.

and praying for judgment whereby the Zoning Officer of the City would be directed to issue the *requested* compliance permit and certificate of occupancy in accordance with Section 1802 of the 1971 zoning ordinance. The City's brief states that late in the afternoon of October 14, 1973, the City Solicitor was given notice of Cooper's intention to file his complaint in mandamus. Cooper filed his complaint at 8:45 A.M. on October 15, 1973, and shortly thereafter presented a motion for summary judgment in mandamus to the lower court. That motion alleged that "service of the complaint is being accomplished" and also alleged that because of the exigency of the situation, "irreparable harm" would fall on Cooper if the summary judgment was not immediately granted. Following a brief discussion in the judge's chambers (with counsel for both parties present), the order of summary judgment in mandamus was issued and filed by the court below at 9:45 A.M. on that same date, October 15, 1973. That order directed the zoning officer to issue the compliance permit as requested by Cooper, together with the permits necessary to permit Cooper to use the premises in the manner proposed. The order also directed Cooper to give notice to the City and the Zoning Officer within five days "or this judgment will be vacated as of course." The record indicates that on the same date, October 15, 1973, the City Solicitor accepted service, for the appellants, of the complaint, motion for summary judgment, and court order.

On the next day, October 16, 1973, at 11:38 A.M., appellants petitioned the court below to open the judgment so entered, alleging (1) that the original application averred by Cooper in his complaint had been abandoned and had not been renewed; (2) that the compliance permits and building permits requested by Cooper were in violation of the April 14, 1971 zoning ordinance which was not the ordinance in effect at the

time of Cooper's 1967 application; and (3) that under both the 1971 zoning ordinance and the ordinance in effect in 1967, Cooper was required to renew any such application every six months.

On November 9, 1973, Cooper filed an answer to the petition to open judgment, and on November 30, 1973, he presented a motion to dismiss the petition to open judgment. On November 30, 1973, the court below dismissed the petition to open judgment. On December 18, 1973, appellants filed their appeal with this Court. On January 10, 1974, upon motion of Cooper, the court below directed the Zoning Officer to issue an additional permit, and on April 25, 1974, the opinion of the court below supporting its order of November 10, 1973, was filed in this Court.

The real issue which has been presented to us is whether the court erred in refusing to open the summary judgment, based upon the facts as gathered from the record before us. The parties would have us make a final determination on all of the matters involved, and although this prospect is tempting, we cannot reach a final resolution of all of the rights of the parties because of the inadequacies in the present state of the record.

Summary judgment in an action of mandamus is permitted under Pa. R.C.P. No. 1098, which reads: "At any time after the filing of the complaint, the court may enter judgment if the right of the plaintiff thereto is clear, but the judgment may be opened upon cause shown. Judgment shall not be entered without prior notice to all parties unless the exigency of the case is such as to require action before notice, in which event notice shall be given as soon as possible."

This Court has held that one who requests the extraordinary relief provided by mandamus and by Pa. R.C.P. No. 1098 has a "heavy burden" to prove to the court that his right to a summary judgment is "clear

and free from doubt." *See Williams v. Rowe,* 3 Pa. Commonwealth Ct. 537, 283 A. 2d 881 (1971). We have also held that summary judgment should only be granted when there are no disputed questions of fact which are material to the disposition of the case. *See Borough of Monroeville v. Effie's Ups and Downs,* 12 Pa. Commonwealth Ct. 279, 315 A. 2d 342 (1974); *Venneri v. County of Allegheny,* 5 Pa. Commonwealth Ct. 105, 289 A. 2d 523 (1972).

It is quite clear that the proper procedure to attack the summary judgment issued by the court below was the filing of the petition to open the judgment. *See Hamby v. Stoe,* 448 Pa. 483, 295 A. 2d 309 (1972). It is also clear that a ruling of a lower court upon a motion for summary judgment in a mandamus action should not be disturbed on appeal except for an arbitrary and capricious abuse of discretion or clear violation of law. *See Borough of Monroeville, supra.*

All parties are in accord with this Court's statement of the law of mandamus found in *Board of Supervisors of North Coventry Township v. Silver Fox Corporation,* 10 Pa. Commonwealth Ct. 646, 650-651, 312 A. 2d 833, 835 (1973): " 'Mandamus is an extraordinary writ which is appropriate to compel performance only where there is a clear legal right in the plaintiff, [and] a corresponding duty in the defendant.' Garchinsky v. Clifton Heights Borough, 437 Pa. 312, 316, 263 A. 2d 467 (1970). 'One, who sues in mandamus, must have some well-defined legal right to enforce.' D.N. Corporation v. Roudabush, 309 Pa. 393, 399, 164 A. 60 (1932). 'Mandamus is not a remedy of absolute right, it is an extraordinary writ, discretionary with the court, and can only be obtained when there is a clear legal right . . . mandamus can never be invoked in a doubtful case.' Chilli v. McKeesport School District, 334 Pa. 581, 583, 6 A. 2d 99 (1939). '[A] writ of mandamus can be invoked to compel the perform-

ance of ministerial acts by public and corporate officers only where the relator has a clear, legal right to the performance of such acts and the defendant has a corresponding duty to perform. Where doubt as to the relator's right or the defendant's duty exists, the remedy is neither appropriate nor available.' Leff v. N. Kaufman's, Inc., 342 Pa. 342, 346, 20 A. 2d 786, 789 (1941). 'It is axiomatic that to succeed in an action in mandamus the complainant must show an immediate and complete legal right to the demand.' Commonwealth ex rel. McLaughlin v. Erie County, 375 Pa. 344, 347, 100 A. 2d 601 (1953)." This Court has consistently held that mandamus lies only where a clear legal right exists in the plaintiff, where a corresponding duty exists in the defendant, and where there is a want of any other appropriate and adequate remedy. *See Hutnik v. Duquesne School District*, 8 Pa. Commonwealth Ct. 387, 302 A. 2d 873 (1973). We have also held that where a plaintiff has a clear legal right to the issuance of a building permit, mandamus is the appropriate remedy to compel its issuance. *See Borough of Monroeville, supra.*

In reciting these principles of law applicable to summary judgment and mandamus, we do not decide the ultimate issue of whether a judgment should be issued in this case. However, we must refer to these principles to determine whether the court below erred in not granting the prayer of the petition to open the summary judgment in mandamus. The opinion of the court sets forth two reasons why it denied the prayer of that petition. First the court states that "the issues determined relative to zoning of a certain lot in the City of Greensburg had previously been determined" by our opinion in *Cameron, supra.* The court interpreted our opinion in *Cameron, supra,* to mean that "Cooper had the right to use the premises in question for the use proposed, namely, a service station, since

the premises were *bought* prior to effective [April 14, 1971] zoning." (Emphasis added.) We have carefully read our *Cameron* opinion and we conclude that the court below misread it. We there determined only that the ordinance in that case which provided for automatic zoning of newly annexed land was invalid. We noted that because the automatic zoning provision was invalid, Cooper was entitled to or had a vested right to the permit at the time he asked for it. The *Cameron* case did not turn on the fact that Cooper "bought" his property prior to the effective zoning ordinance. Rather, the case turned on the fact that the requested permits had been applied for prior to the date or pendency of the April 14, 1971 zoning ordinance. Secondly, the court stated that it refused to open the judgment because "At no time did it appear to this Court that there were substantial fact issues involved. . . ." Here, again, we find the court in error for we find that the petition to open judgment raised an issue of fact which had a material bearing on whether the City's Zoning Officer had a duty to issue the requested permits. The petition avers that the original compliance and building permits issued to Cooper had been abandoned because they had not been renewed in accordance with the zoning ordinances which were in effect in 1973 or in 1967.

This record does not indicate that Cooper ever renewed the original permits issued to him. This was an issue of fact, which would have to be determined by the court below in order to determine whether the judgment should be opened. The petition to open judgment also avers that the subject permit (i.e., the permit which was requested in 1973, and the one which brought about the filing of the complaint in mandamus) would be in violation of the 1971 zoning ordinance. At this point, it is rather crucial to point out that at no time did the court below have before it the

1973 application for a compliance permit which Cooper prayed the court to order the Zoning Officer to issue. For some unexplained reason, Cooper attached to his complaint in mandamus a copy of his 1967 application, and a copy of his 1973 subdivision plan, but failed to attach a copy of his 1973 application. Nowhere in the record submitted to this Court or the court below is there a copy of the 1973 application. How the lower court was able to determine that the 1973 application was the same as the 1967 application remains a mystery. Cooper was not asking for enforcement of the 1967 application, and he was not asking for a renewal thereof. He prayed for an order directing the issuance under the 1973 application, which was a *new* application under the *new* zoning ordinance.

We have no reservation that the courts in this Commonwealth have the power to issue a summary judgment shortly after a complaint is filed; however, the record supporting such a judgment should be absolutely clear and free from all doubt. Justice demands that this judgment be opened to determine where Cooper's right was so clear and the Zoning Officer's duty was so lacking in discretionary authority that a judgment in mandamus should be issued to Cooper. *See Board of Supervisors of North Coventry Township, supra.*

We reiterate that we do not decide by this opinion whether or not ultimately a judgment in mandamus should be issued by the court below, for that can only be determined upon a full record. We likewise should point out that we are not deciding in this opinion whether or not Cooper had an appropriate and adequate remedy under the provisions of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. 805, as amended, 53 P.S. §10101 et seq., i.e., an appeal from the refusal of the Zoning Officer to grant the permit.

In summary, we conclude that because the lower court misinterpreted *Cameron, supra,* and failed to recognize the viable issues of fact set forth in the appellant's petition to open judgment, it erred when it refused to grant the prayer of that petition.

As a result of the above, we

### ORDER

AND Now, this 1st day of July, 1974, upon consideration of the above opinion, it is ordered that the orders of the Court of Common Pleas of Westmoreland County, dated November 30, 1973 and January 10, 1974 in the above-captioned matter at its No. 230 October Term, 1973 are hereby vacated and the matter is remanded to the court below for proceedings not inconsistent with the above opinion.