## Moser-Knauer Co. v. Upper Chichester Township

*Joseph A. Damico, Jr.,* for plaintiff.
*Nelson J. Sack,* for defendants.

TOAL, *J.*, January 29, 1976—Plaintiff has filed a complaint in mandamus together with a motion for summary judgment seeking to force defendants to issue a building permit in accordance with plaintiff's application. Preliminary objections were filed to the complaint challenging the jurisdiction of this court. These objections assert that plaintiff failed to pursue appropriate relief through appeal to the Zoning Hearing Board of the Township of Upper Chichester within 30 days of the decision by the township to reject the building permit application.

Mandamus is not a matter of right but may be pursued through the sound discretion of the court. It is an extraordinary remedy which will lie to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in plaintiff, a corresponding duty in defendant, and a lack of any other appropriate or adequate remedy: Travis v. Teter, 370 Pa. 326, 87 A. 2d 177 (1952). In moving for mandamus in the present instance, plaintiff asserts that the denial of the building permit by defendants is arbitrary and based upon a mistaken view of the law. In considering preliminary objections, the court must accept all well-pleaded facts as true: Borden v. Baldwin, 444 Pa. 577, 582, 281 A. 2d 892 (1971). Plaintiffs are shown to be owners of property located at the intersection of Rolling Glen Drive and Chichester Road in the Township of Upper Chichester. This property is said to be zoned R-3 residential district, which permits apartments or "multi-family dwellings." The complaint avers that the zoning of the particular tract involved required the issuance of a permit and that such issuance was merely a ministerial function. The building permit was apparently rejected

on the grounds that it was contrary to a resolution prohibiting the "rezoning" of land to apartment use and not because of other defects.

Section 909 of the Pennsylvania Municipalities Planning Code of July 31, 1968, P. L. 805, 53 PS §10909, directs that the zoning hearing board shall hear and decide appeals where a zoning officer has failed to follow prescribed procedures or misinterpreted or misapplied provisions of a valid ordinance. The section clearly states, however, that the appeal provisions are not intended to otherwise interfere with the right of a party to proceed in court through mandamus where appropriate. It is apparent that where the right to a building permit is clear, as alleged by Moser-Knauer Company, the issuance of the permit by the proper official is no more than the performance of a ministerial act which admits of no discretion in the municipal officer, and mandamus is both appropriate and proper to compel performance: Lhormer v. Bowen, 410 Pa. 508, 514, 188 A. 2d 747 (1963). The Pennsylvania Commonwealth Court in a recent case carefully construed the right to an action in mandamus in light of section 909 of the Pennsylvania Municipalities Planning Code: Monroeville v. Effie's Ups and Downs, 12 Pa. Commonwealth Ct. 279, 315 A. 2d 342 (1974). The decision reaffirms plaintiff's right to bypass the zoning hearing board where its right to a building permit under the zoning ordinance is clear.

Under the circumstances as pleaded by Moser-Knauer Company, the court finds that this action was properly brought in mandamus and plaintiff need not first resort to a timely appeal to the zoning hearing board. Accordingly, we enter the following:

## ORDER

And now, January 29, 1976, after consideration of the briefs of counsel and argument before the court en banc, it is hereby ordered and decreed that defendant's preliminary objections be, and the same are hereby, overruled and defendant is granted 20 days from the date of this order to file an answer to plaintiff's complaint.