Jared A. Cooper With Boron Oil Company, a Corporation *v.* The City of Greensburg and The Zoning Officer of the City of Greensburg *v.* William B. Courtney and Elizabeth K. Courtney, His Wife; Harry Daniels; Rae M. Daniels; William T. Dom, III and Margaret B. Dom, His Wife; Elwood S. Baker and Martha J. Baker, His Wife; Bernard P. Walker and Beverly J. Walker, His Wife; John M. Baceski and Helen M. Baceski, His Wife; Paul G. Nolder and Donna L. Nolder, His Wife; William B. Sautter and Alice I. Sautter, His Wife. William B. Courtney et al., Appellants.

246

Argued May 4, 1976, before President Judge Bow-MAN and Judges CRUMLISH, JR., WILKINSON, JR., MEN-CER, ROGERS and BLATT. Judge KRAMER did not participate.

*John M. Campfield,* with him *A. C. Scales,* for appellants.

*Charles F. Wade,* with him *Thomas R. Ceraso,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., September 8, 1976:

For the past nine years, Jared A. Cooper and the City of Greensburg (City) have been engaged in litigation over Cooper's right to construct a gasoline station on land which he owns in the City. Hopefully, this will be the last chapter in that struggle.

Presently before us is the City's appeal from an order of the Court of Common Pleas of Westmoreland

County, sitting en banc, which dismissed the exceptions filed by the City and several of its residents (Intervenors) and which affirmed the decree nisi of the court which granted Cooper's petition for mandamus and ordered the issuance of the permits required for construction of Cooper's gasoline station. We affirm.

We will first summarize the facts and complicated litigation history of this case. In 1967, Cooper acquired 66.928 acres of land in the City. The land was part of territory which had been annexed by the City from a neighboring township in 1958. When the City annexed the territory, it had a zoning ordinance which provided that territory annexed to the City would automatically become zoned single-family residential (R-1). In June, 1967, Cooper applied for certain building permits for the portion of this newly annexed land which he had acquired from the City. One of the permits, the one with which we are here concerned, was for the construction of a gasoline service station on approximately 0.575 acres of the tract. The permit application was refused. After much litigation, this Court, in an opinion written by Judge WILKINSON, held invalid the City's automatic zoning ordinance and ordered the necessary certificates of compliance and occupancy to be issued. *Cameron v. Greensburg,* 3 Pa. Commonwealth Ct. 209, 281 A.2d 271 (1971).[1] After this decision, Cooper, although he had lost a prospective tenant during the pendency of the litigation, began excavation work on his land in preparation for new tenants. However, prior to our decision in

---

[1] The automatic zoning ordinance was held invalid because the effect was to cause lands to be zoned without following the notice and hearing procedure required by Section 4114 of the Third Class City Code, Act of June 23, 1931, P.L. 932, 53 P.S. §39114, which was the zoning enabling statute then in effect. (Repealed by Section 1201 of the Act of July 31, 1968, P.L. 805, 53 P.S. §11201.)

*Cameron* and prior to Cooper's starting the new excavation, the City enacted a new ordinance which zoned Cooper's lands as R-1. With regard to this new ordinance, we stated in *Cameron, supra,* that, although it was apparently validly enacted, it was not "pending" at the time of Cooper's 1967 application for certificates of compliance and occupancy and, therefore, it could not destroy Cooper's vested right to obtain the certificates. In the meantime, in April, 1969, the City had approved a subdivision plan submitted by Cooper which included the portion intended for the gasoline service station albeit with a slight variation in the metes and bounds description of the tract from that which was contained in Cooper's 1967 application. On February 16, 1973, Cooper entered into an option agreement with Boron Oil Company (Boron) for the sale of the 0.575 acre tract. Although Boron was not the same tenant contemplated by Cooper in his 1967 application, it also intended to use the land as a gasoline service station.

On June 14, 1973, acting upon directions given him by the City's zoning officer, Cooper applied for new compliance permits and certificates of occupancy in accordance with the provisions of the 1971 zoning ordinance. The application was refused for the reason that the use intended by Cooper was not permitted under the 1971 ordinance.

In October, 1973, Cooper filed a complaint in mandamus seeking to compel the City's zoning officer to issue the permits and certificates requested in the June 14, 1973 application. Approximately one hour after Cooper filed his complaint, the court below, on Cooper's motion, granted summary judgment in mandamus. The City's petition to open the judgment was dismissed. Once again, the City appealed to this Court. We vacated the lower court's order of sum-

mary judgment and remanded the matter for the making of a record. *City of Greensburg v. Cooper,* 14 Pa. Commonwealth Ct. 419, 322 A.2d 152 (1974). In an opinion written by Judge KRAMER, we held that our decision in *Cameron v. Greensburg, supra,* gave Cooper a "vested right" to the permits requested in the 1967 application, not because he had purchased his property prior to the effective date of the 1971 zoning ordinance, but, rather, because the permits had been applied for before the 1971 zoning ordinance was "pending." In *City of Greensburg v. Cooper, supra,* we also held that there was an issue of fact as to whether Cooper's original compliance and building permits (the ones issued after our decision in *Cameron v. Greensburg)*, had been abandoned because they had not been renewed. Apparently, the lower court did not have Cooper's 1973 application before it, only his 1971 application and the 1973 subdivision plan. Finding that the court below not only misinterpreted our decision in *Cameron v. Greensburg* but also failed to recognize the existence of issues of fact, we remanded the matter.

In May, 1975, after hearings were held, the court below again ordered that the requested permits be issued. The City's exceptions were dismissed and the dismissal was affirmed by the court below sitting en banc. The City has again appealed to this Court.

It is well settled that mandamus is an extraordinary writ which lies to compel performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy. *Blystone v. Borough of Forest Hills,* 22 Pa. Commonwealth Ct. 395, 349 A.2d 494 (1975). We are asked here to review the propriety of the granting of mandamus, rather than the pro-

priety of granting summary judgment therefor. Therefore, we must determine whether the lower court abused its discretion or committed an error of law. *Venneri v. County of Allegheny,* 12 Pa. Commonwealth Ct. 517, 316 A.2d 120 (1974). Furthermore, where, as here, a case has been previously remanded so that a particular finding can be made, we cannot substitute our findings for those of the lower court, but must determine only whether sufficient evidence supports the findings of the lower court.

We have held that one claiming a vested right in a building permit must establish that the application was made in good faith, that a substantial commitment or expenditure was made in justifiable reliance upon the granting of the permit, and that the permit was issued lawfully under zoning law then existing. *Klavon v. Zoning Hearing Board of Marlborough Twp.,* 20 Pa. Commonwealth Ct. 22, 340 A.2d 631 (1975).

The court below found that Cooper had, at the time he filed the 1973 applications, met all of the requirements placed upon him by the City and therefore had a vested right to erect a service station on his lot. The City argues that Cooper abandoned the permits which were issued after our decision in *Cameron v. Greensburg, supra,* by not beginning construction or renewing them each six months as required by the City's zoning ordinance. However, the record amply supports the findings of the court below that Cooper had spent large sums of money for excavation of the land and at all times acted upon the instructions of the City's zoning officials as to the procedure for acquiring and maintaining permits.

Our careful review of the record reveals that the court below was justified in concluding that Cooper satisfied these requirements and, therefore, had a

vested right to building permits for a gasoline service station on his tract.

Next, the City contends that mandamus is not the proper remedy for Cooper. This contention has no merit. In *Borough of Monroeville v. Effie's Ups & Downs,* 12 Pa. Commonwealth Ct. 279, 315 A.2d 342 (1974), we held that where a plaintiff has a clear legal right to the issuance of a building permit, mandamus is the appropriate remedy to compel its issuance.

Having concluded that Cooper had a vested right to the issuance of building and compliance permits and that mandamus is the appropriate remedy, we affirm the order of the court below.

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent.

First: Mandamus is not Jared A. Cooper's (Cooper) proper remedy, and he should have appealed the zoning officer's refusal of his application to the zoning hearing board and thereafter taken a further appeal to the Court of Common Pleas if not satisfied by the board's action. *Unger v. Hampton Township,* 437 Pa. 399, 263 A.2d 385 (1970). Section 909 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10909, specifically so provides. It must be kept in mind that we are reviewing an application for a permit made in 1973 under a 1971 ordinance whose validity is not challenged in this litigation. The admitted validity of an existing and applicable zoning ordinance here is what makes *Borough of Monroeville v. Effie's Ups and Downs,* 12 Pa. Commonwealth Ct. 279, 315 A.2d 342 (1974), inapposite and not controlling in this case on the initial question as to whether or not mandamus is the appropriate remedy to compel the issuance of the permit sought.

Second: The majority concludes that Cooper has "a vested right to building permits for a gasoline service station on his tract." The basis for that conclusion is unclear to me. It surely could not be by virtue of our holding in *Cameron v. Greensburg*, 3 Pa. Commonwealth Ct. 209, 281 A.2d 271 (1971), by which we upheld a ruling which ordered the zoning officer to issue certificates of compliance and occupancy to Cooper. Those certificates were issued, and, if they have any remaining validity, what need did Cooper then have in 1973 for additional permits? However, because Cooper has changed somewhat the size of the lot in question and substituted another oil company as a prospective purchaser and the permits issued became null and void by a failure of Cooper to commence the authorized improvement within six months from the issuance date of the permits as provided by Section 1204-4 of the City of Greensburg's 1955 zoning ordinance, Cooper did need in 1973 to reapply and was subject to the 1971 zoning ordinance.

As we carefully pointed out in *City of Greensburg v. Cooper*, 14 Pa. Commonwealth Ct. 419, 322 A.2d 152 (1974), we did not decide in *Cameron v. Greensburg, supra*, that Cooper had the right to use the premises in question for a service station but only that Cooper was entitled to the permits he applied for on June 29, 1967. Those permits were issued and are not the subject matter of this mandamus action seeking issuance of permits applied for on June 14, 1973. The application in question here seeks a *new* compliance permit in accordance with the provisions of the 1971 zoning ordinance and is not controlled by our holding in *Cameron v. Greensburg, supra*.

A vested right to build in futuro a structure which violates a zoning ordinance can only be acquired by first securing a permit and *thereafter* expending sub-

stantial sums in reliance thereon. *Dunlap Appeal,* 370 Pa. 31, 87 A.2d 299 (1952). The record discloses that, since the issuance of the permits which were the subject of the *Cameron v. Greensburg, supra,* litigation, no action has been taken by Cooper to commence the erection of a gasoline service station on the subject property. The majority's reference to Cooper's having spent "large sums of money for excavation of the land" is in reference to grading and removal of an earthen bank on an adjacent lot sold by Cooper to the Church of the Open Door. These expenditures were for work completed in February of 1972, less than two months after the completion of the litigation involving the 1967 permit applications and more than 16 months before the permit application which is the subject of this suit.

The only vested-right theory that has any comprehension to me on this record is the vested right, recognized in *Cameron v. Greensburg, supra,* that Cooper had to the issuance of the permits he sought by his application of June 29, 1967. We surely did not hold that he would have a vested right to any permit sought at any time thereafter.

Cooper is not here seeking utilization or renewal of the permits which were issued in accord with our decision in *Cameron v. Greensburg, supra,* but rather the issuance of a new permit in 1973 under the zoning ordinance of 1971 which zoned the property in question R-1. If the majority's affirmance is based on the concept that the permits sought here are somehow merely renewals of those previously approved by this Court in *Cameron v. Greensburg, supra,* then it is granting relief in a mandamus action that is not responsive to the relief prayed for by Cooper. If the majority's affirmance is to authorize a permit to issue under the provisions of the 1971 zoning ordinance, as

is sought by Cooper's 1973 application, then a commercial permit will issue contrary to the residential zoning provisions of the ordinance applicable to Cooper's property.

If this is, as the majority understandably hopes, the last chapter in the already overprotracted litigation which has befallen the property in question, it will not have an ending that coincides with my understanding of the applicable law.