## Littlefield v. Youngsville Borough Council

*Bernard J. Hessley,* for plaintiffs.
*Joseph C. Barnhart,* for defendants.

WOLFE, *P.J.,* January 5, 1981—Defendants have filed a demurrer to plaintiffs' complaint in mandamus.

Plaintiffs seek to compel defendants to enforce the Youngsville Borough Zoning Ordinance by finding Russell Freeman who owns property contiguous to plaintiffs' property is using his premises in violation of the zoning ordinance in that the Freeman property is located in a Zone C-2, Heavy Commercial District, however, Freeman is operating a wrecking yard, scrap yard and auto salvage yard which is permitted only in an I-Industrial District. Plaintiffs also aver the zoning variance granted to Freeman on March 30, 1979 was not issued or granted in conformity with the ordinance in that the variance was not granted for the use of Freeman but rather for Mobil Oil Company and the granting thereof is in violation of the C-2, Heavy Commercial District regulation of the Youngsville Borough Zoning Ordinance.

The appropriateness of an action in mandamus in zoning procedures was discussed in Monroeville Borough v. Effie's Ups and Downs, 12 Pa. Commonwealth Ct. 279, 315 A. 2d 342 (1974).

The court there expressed the law, "where appro-

priate" mandamus is a proper remedy, however, under section 909 of the Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, 53 P.S. §10909, the use of the writ is not to be expanded but rather left to the courts to determine appropriateness. This is so because mandamus may issue only when plaintiff has a clear right to the performance of a ministerial act and defendant has a corresponding duty to perform the act. It was noted in Unger v. Hampton Township, 437 Pa. 399, 263 A. 2d 385 (1970), that mandamus will not lie to compel the exercise of a discretionary administrative function but it is a proper remedy to prevent an arbitrary or fraudulent exercise thereof.

However interesting this law is and has been for many years it is not applicable to the instant case. Indeed, counsel has not submitted nor has the court located any factual situation where a third party has the right to compel a municipality to enforce its zoning ordinance against a property owner allegedly in use violation thereof. In light of the historical right to this extraordinary writ this lack of cases should be no surprise. First, plaintiffs in the instant case have no clear right to compel the municipality to enforce the ordinance against another property owner. This is the exclusive function of the municipality through the zoning officer and this function has not been designated to plaintiffs; that is to say, the municipality has the preemptive right to enforce its ordinance and this right is not designated to private citizens. Second, it is for the municipality to determine if there has been a violation of the ordinance upon complaint filed. This goes to the duty of the municipality to make this determination. It is alleged by plaintiffs

that the third party is in violation of land use as permitted under the zoning ordinance. To follow plaintiffs' argument this would permit plaintiffs to be the determiner if a violation in fact exists.

A similar factual case is that of Riccardi v. Plymouth Township Zoning Board of Adjustment, 16 D. & C. 2d 243 (1958), decided adversely to plaintiffs in the instant case. In the Riccardi case plaintiff sought to compel mandamus against the township board of adjustment and building inspector to enforce a provision of a zoning ordinance mandating an existing building or part thereof erected by Gus Bonno be razed because it was erected in violation of the ordinance. The court held it was within the discretion of the building inspector to make this determination and the inspector may consider the infraction to be de minimis non curat lex. The court specifically held, at p. 246: "But the individual resident seeking some definite action on the part of the building inspector may resort to a writ of mandamus only if there is no other adequate appropriate and specific remedy: Mellinger v. Kuhn, [388 Pa. 83 (1957)]."

Plaintiffs urge us to accept the holding of Myers v. Hamilton, Inc., 51 Pa. Commonwealth Ct. 504, 413 A. 2d 1178 (1980), to support their argument. A reading of this case clearly shows an entirely different procedural posture than the instant case. In Myers, supra, plaintiff sought a writ of mandamus against the township to reissue building permits to plaintiff who had already invested $1,500,000 in its building projects when the township suspended the permits for allegedly unsafe conditions. The court was confronted with the narrow issue of the jurisdictional appropriateness of mandamus upon the

facts pleaded in the complaint and including the suspension of the permits by the township. The lower court and the appellate court confirmed that the court could not say as a matter of law the court lacks jurisdiction in an action in mandamus under the situation presented before it. Clearly in the instant case we are not dealing with the issuance or suspension of building permits which plaintiffs seek. We are dealing with an action by plaintiffs to compel the municipality to enforce an ordinance against a third party.

Next, it is argued Youngsville Borough improperly granted a variance to Russell Freeman. To this it is argued by defendants plaintiffs did not challenge the validity of the variance within the 30 days provided by the Municipalities Planning Code and therefore is not now a valid position. We agree.

Finally, defendants argue plaintiffs do have an adequate and appropriate remedy under the Youngsville Borough Zoning Ordinance pursuant to Chapter 26, Part 12, section 193, which provides:

"Section 193—Remedies. In case any building, structure, or sign is erected, constructed . . . in violation of this Ordinance or any regulations made pursuant thereto, in addition to other remedies provided by law, any appropriate action or proceedings, whether by legal process or otherwise may be instituted or taken to prevent such unlawful erection, construction, . . . to restrain, correct or abate such violation, to prevent the occupancy of said building, structure or land, or to prevent any legal act, conduct, business or use in or about said premises."

It is apparent that this broad language would

support an action in equity to restrain any conduct that is causing irreparable damage or injury to plaintiffs who may not have an otherwise adequate remedy at law.

Finally, it is argued both the Pennsylvania and the United States Constitutions guarantee citizens the right to life and liberty which may not be subject to arbitrary or discriminatory legislation which denies them due process of law. It is therefore argued if an ordinance is not uniformly enforced to all citizens this is tantamount to discrimination which gives rise to a legal right or redress. We certainly can agree with this policy argument but we fail to recognize its application to the instant case except the inference the borough council is discriminating against plaintiffs in not enforcing an alleged violation of the ordinance by Freeman. Nonetheless it should be equally apparent that chaos would reign if individual residents of a municipality could successfully seek mandamus when there was an alleged ordinance violation by another citizen. This would lend itself to all types of mischief and vindictiveness to promote neighborhood disputes and the like. We therefore hold that accepting all of the well-pleaded facts as true as we must in considering a demurrer plaintiffs, even with amendment, cannot plead an actionable cause as a matter of law and enter the following

## ORDER

And now, January 5, 1981, the preliminary objection in the nature of a demurrer is granted.