IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Khylil Hodge, Incarcerated at | : | |
| SCI Fayette, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 305 M.D. 2020 |
| | : | ARGUED: September 15, 2020 |
| Mark Capozza, Superintendent, | : | |
| SCI Fayette, and John E. Wetzel, | : | |
| Respondents | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge[1]
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORADUM OPINION
BY JUDGE CEISLER                                        FILED:  January 22, 2021

On May 15, 2020, Khylil Hodge (Hodge), who is currently incarcerated at the State Correctional Institution at Fayette (SCI-Fayette), filed an emergency petition for writ of mandamus asking this Court to order Mark Capozza, the Superintendent of SCI-Fayette, and John E. Wetzel, the Secretary of the Department of Corrections (collectively, Respondents) to release him from state prison in compliance with the April 17, 2020 bail order of the Honorable Scott O'Keefe of the Court of Common Pleas of Philadelphia County.  On May 18, 2020, Hodge filed an Application for Peremptory Mandamus (Application), which is the matter currently before this Court for disposition. After thorough consideration, we deny the Application.

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt completed her term as President Judge.

## I. Procedural and Factual Background

The original Court of Common Pleas of Philadelphia County (common pleas court) judge whose sentencing order is at issue is the Honorable Genece E. Brinkley. In her Pa. R.A.P. 1925(a) opinion, which was filed on February 28, 2020, in the Superior Court at 2156 EDA 2019, Judge Brinkley provided specific details regarding the court's supervision history of Hodge.

In January 2005, Hodge first pled guilty to possession with intent to distribute a controlled substance. Hodge was sentenced to one year in the county intermediate punishment program with six months of house arrest and outpatient drug treatment, plus six months reporting probation. In December 2006, Hodge appeared before the common pleas court for his first probation violation hearing, having been charged as a technical parole violator for failing a drug test. His probation was revoked and he was sentenced to 11½ to 23 months of county incarceration plus three years of reporting probation. Hodge was also ordered to complete 90 days in the Options drug treatment program, earn his GED, complete job training, and undergo urinalysis.

In August 2010, Hodge appeared before the common pleas court for his second violation hearing, and he was found in technical violation for failing to attend drug treatment and not reporting to his probation officer. The common pleas court revoked his probation and re-sentenced Hodge to 11½ to 23 months in county incarceration plus 6 years' reporting probation, with credit for time served. Again, Hodge was ordered to earn his GED, obtain job training, and undergo urinalysis. Hodge was released on probation in June 2013, and, in November 2013, he was again found in technical violation of his probation for failing to find a job and pay fines and costs. However, probation was allowed to continue. In October 2014, while on probation, Hodge was charged with possession of a controlled substance and

patronizing prostitutes and, in June 2015, he pled guilty to these charges. Thereafter, Hodge was sentenced to a negotiated term of six months of reporting probation on each count, to run concurrently with one another. On that same day Hodge was found in direct violation of his probation, but his probation was allowed to continue.

In August 2017, Hodge was arrested and charged with theft by unlawful taking, receiving stolen property, and access device fraud. In November 2017, Hodge pled guilty to access device fraud and was sentenced to nine months' reporting probation. In December 2017, Hodge appeared in court for his fourth violation hearing. The probation report recommended that Hodge's probation be revoked. The prosecution also recommended that his probation be revoked and stated that it would not object to a deferred sentencing date. The common pleas court found Hodge in violation of his probation and deferred sentencing until February 26, 2018. Hodge failed to appear for sentencing on that date and did not appear for sentencing until more than a year later on June 24, 2019. At that time, the common pleas court found Hodge in contempt for failing to appear for sentencing and further recommitted Hodge as a technical and convicted parole violator based on his conviction for access device fraud. The common pleas court sentenced Hodge to 30 to 60 months of state incarceration with RRRI[2] eligibility. Hodge appealed this sentence to the Superior Court of Pennsylvania, at 2156 EDA 2019. That appeal is currently pending.

In his petition for writ of peremptory mandamus before this court, Hodge is seeking to be released from state custody on bail while serving the state sentence

---

[2] RRRI stands for Recidivism Risk Reduction Incentive. "The RRRI statute offers, as an incentive for completion of the program, the opportunity for prisoners to be considered for parole at the expiration of their RRRI minimum sentence." *Com. v. Robinson*, 7 A.3d 868, 872 (Pa. Super. 2010).

imposed in June 2019. The main thrust of this request is Hodge's concern about exposure to the COVID-19 virus. On April 17, 2020, with the assistance of counsel, Hodge sought and received bail from the common pleas court pending his appeal to the Superior Court of this sentence. This bail order was not issued by Judge Brinkley, but was instead issued by Judge O'Keefe. Hodge claims that this order divests the Department of Corrections (Department) of the authority to hold him, yet the Department has refused to implement the order and release him.

Respondents filed an Answer to Hodge's Application. On May 21, 2020, Respondents also filed preliminary objections to the May 15, 2020 Petition for Writ of Mandamus.[3] In their preliminary objections, Respondents assert that the common pleas court lacked the authority to issue the April 17, 2020 order, rendering it a legal nullity. As such, Respondents claim that mandamus does not lie to compel the Department to comply with the common pleas court's allegedly illegal order granting Hodge bail.[4]

## II. Discussion

"It is well settled that mandamus is an extraordinary writ which lies to compel performance of a ministerial act or mandatory duty where there is a clear legal right in the petitioner, a corresponding duty in the respondent, and a want of any other appropriate and adequate remedy." *Cooper v. City of Greensburg*, 363 A.2d 813, 815 (Pa. Cmwlth. 1976). "The purpose of mandamus is not to establish legal rights

---

[3] Respondents' preliminary objections are not before this Court for disposition at this time.

[4] The Honorable Ellen Ceisler held oral argument via telephonic conference in this matter on June 1, 2020. Judge Ceisler then issued a single-Judge opinion on June 12, 2020, denying Hodge's Petition. On June 18, 2020, Hodge filed an Application for Reargument, which was granted through a *per curiam* order on July 14, 2020. This order also set forth that this matter would be listed for oral argument during our Court's September 2020 session. Ultimately, this matter was assigned to the above-listed panel for disposition.

but only to enforce those legal rights that have already been established." *Orange Stones Co. v. City of Reading, Zoning Hearing Bd.*, 32 A.3d 287, 290 (Pa. Cmwlth. 2011). "Mandamus will lie only to compel public officials to perform their duties in accordance with the law [when] those duties are ministerial in character and not discretionary. *Rose Tree Media* [*Sch. Dist. v. Dep't of Pub. Instruction*, 244 A.2d 754 (Pa. 1968)]." *Rakus v. Robinson*, 382 A.2d 770, 772 (Pa. Cmwlth. 1978). Relatedly, the Department can disregard a court order directing it to perform a ministerial act *only* if that order is "clearly illegal." *Fajohn v. Dep't of Corr.*, 692 A.2d 1067, 1068 (Pa. 1997); *accord Doxsey v. Com.*, 674 A.2d 1173, 1175 (Pa. Cmwlth. 1996).[5] "To obtain peremptory judgment, in addition to showing the elements for mandamus relief, the moving party must show that on the facts of record, and those facts that may be developed at trial, the right to judgment is clear. . . . Further, [the c]ourt must examine the existing and potential record in the light most favorable to the non-moving party." *Scarnati v. Dep't of Env't Prot.*, 220 A.3d 723, 730 (Pa. Cmwlth. 2019), *aff'd*, 240 A.3d 536 (Pa. 2020) (internal citation omitted); Pa. R.C.P. No. 1098 ("At any time after the filing of the complaint, the court may enter [a peremptory mandamus] judgment if the right of the plaintiff thereto is clear.").

With this in mind, we conclude that we cannot grant a judgment of peremptory mandamus in Hodge's favor. In general, once an appeal is taken of a ruling made by a court of common pleas, that court "may no longer proceed further in the matter." Pa. R.A.P. 1701(a). However, this rule is subject to the caveat that such deprivation of jurisdiction exists "[e]xcept as otherwise prescribed by these rules," *i.e.*, the

---

[5] We note that Hodge correctly elected not to file a petition for a writ of *habeas corpus*. Such relief "is not available until all other remedies, *including mandamus*, have been exhausted." *Com. ex rel. Lindsley v. Robinson*, 372 A.2d 1258, 1261 (Pa. Cmwlth. 1977) (emphasis added).

Pennsylvania Rules of Appellate Procedure. *Id.* To that effect, Pennsylvania Rule of Appellate Procedure 1762(a) permits a court of common pleas to entertain bail applications during the pendency of an appeal, subject to the strictures of the Pennsylvania Rules of Criminal Procedure. Pa. R.A.P. 1762(a) (stating in relevant part that "[a]pplications relating to bail when an appeal is pending shall ordinarily first be presented to the trial court and shall be governed by the Pennsylvania Rules of Criminal Procedure").

Turning to the Pennsylvania Rules of Criminal Procedure, Rule 521(B)(2) vests a court of common pleas with discretionary authority to grant such bail applications:

> Rule 521. Bail After Finding of Guilt
> . . . .
>> (B) **After Sentencing**
>> . . . .
>>> (2) Except as provided in paragraph (A)(1) [regarding capital and life imprisonment cases], when the sentence imposed includes imprisonment of 2 years or more, the defendant shall not have the same right to bail as before verdict, but bail may be allowed in the discretion of the judge.

Pa.R.Crim.P. 521(B)(2) (emphasis added). In addition, Pennsylvania Rule of Criminal Procedure 534 makes clear that, "[u]nless bail is revoked, a bail bond shall be valid until the full and final disposition of the case, including all avenues of direct appeal to the Supreme Court of Pennsylvania." Pa.R.Crim.P. 534. Rule 534 thus establishes "that a lower court's power to set bail is valid until the defendant's direct appeal rights are exhausted." *Com. v. Dunlavey*, 805 A.2d 562, 565 (Pa. Super. 2002). Furthermore, Pennsylvania Rule of Criminal Procedure 908(A)(2) states, in

6

relevant part, that while a Post Conviction Relief Act (PCRA)[6] petition is pending before a Court of Common Pleas, the assigned judge "shall enter such interim orders as may be necessary in the interests of justice." Pa.R.Crim.P. 908(A)(2). This enables a Court of Common Pleas to grant bail to "a [PCRA] petitioner . . . pending disposition of his petition when necessary in the interest of justice, in certain exceptional cases, for compelling reasons." *Com. v. Bishop*, 829 A.2d 1170, 1172 (Pa. Super. 2003); *accord Com. v. McMaster*, 730 A.2d 524, 527 n.1 (Pa. Super. 1999) ("[A PCRA] petitioner may be admitted to bail pending disposition of the petition when such an order would be necessary in the interest of justice in certain exceptional cases for compelling reasons."). These rules, when read together, create an exception to the limits imposed by Pennsylvania Rule of Appellate Procedure 1701(a) on a Court of Common Pleas' post-appeal jurisdictional powers, one which broadly authorizes the granting of bail in a multiplicity of situations. Consequently, a Court of Common Pleas may order an individual released on bail at many different stages in the judicial process, even "as the individual passes from suspect, to accused, to appellant, to *allocatur* petitioner, to *certiorari* petitioner, to [PCRA] petitioner." *Com. v. McDermott*, 547 A.2d 1236, 1243 (Pa. Super. 1988). As such, Judge O'Keefe had clear discretionary authority to order Hodge's release on bail from state prison at this juncture.

Respondents invoke *Bishop*, *Dunlavey*, *McDermott*, and *McMaster* as persuasive authority that Judge O'Keefe was without authority to grant Hodge bail. *See* Respondents' Br. at 11-17. Independent of the fact that Respondents ignore the plain language used in these cases, all of those matters involved situations where the relevant Court of Common Pleas did not have jurisdiction to grant bail to the affected

---

[6] 42 Pa.C.S. §§ 9541–9546.

individual. In *Bishop*, bail was sought from a court of common pleas after the Commonwealth had appealed the Superior Court's decision in the underlying PCRA matter to the Pennsylvania Supreme Court. 829 A.2d at 1171-73. Similarly, in *Dunlavey*, a court of common pleas ordered an offender released on bail while his appeal of the Superior Court's affirmance of the court of common pleas' denial of his PCRA petition was pending before the Pennsylvania Supreme Court. 805 A.2d at 563-65. In *McDermott*, the question before the Superior Court was whether "bail may be granted in parole revocation proceedings and appeals from parole revocation[.]" 547 A.2d at 1243. Finally, in *McMaster*, the Superior Court held that a court of common pleas did not have jurisdiction to order an incarcerated person to be released on bail pending parole "because the [court of common pleas] had no authority respecting parole." 730 A.2d at 528. *None* of these cases dealt with a situation like the one *sub judice*, where Hodge has directly challenged the sentence he received as a result of violating the terms of his probation.[7] Consequently, each of these cases fails to support Respondents' argument that Hodge is not entitled to

---

[7] An appeal of a carceral sentence imposed due to a convicted individual's probation violation is direct in nature, not collateral. "Upon [probation] revocation[,] the sentencing alternatives available to the court [of common pleas] shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa. C.S. § 9771(b). A carceral sentence imposed in such an instance takes the place of the previously imposed probationary term, thereby rendering the latter punishment effectively a nullity. Given that Hodge, in his pending appeal before the Superior Court, only challenges the sentence imposed by Judge Brinkley in June 2019 due to Hodge's violation of his probationary terms, rather than his underlying 2005 guilty plea, his Superior Court appeal is indisputably direct in nature. *See Com. v. Infante*, 63 A.3d 358, 365-68 (Pa. Super. 2013) (discussing direct and collateral challenges in the context of both probationary sentences and sentences imposed as a result of probation violations).

8

peremptory mandamus relief.[8] As such, Judge O'Keefe's order directing Hodge's release on bail from state-level confinement was not clearly illegal and, instead, was soundly based upon the discretionary authority vested in him by our Rules of Appellate and Criminal Procedure.

However, while Hodge has a clear right to relief, and the Department has a corresponding, ministerial duty to release Hodge from state prison, it remains that Hodge cannot satisfy the third prong of the mandamus test. As already noted, relief in the form of mandamus may be granted only where there is "a want of any other appropriate and adequate remedy." *Cooper*, 363 A.2d at 815. Under the Pennsylvania Rules of Appellate Procedure, Judge O'Keefe still has the ability to enforce his order commanding Hodge's release on bail pending the resolution of his Superior Court appeal. *See* Pa. R.A.P. 1701(b) ("After an appeal is taken . . ., the

---

[8] We note that Respondents cite as persuasive authority *Commonwealth v. Rodland* (Pa. Super., No. 1187 WDA 2019, filed March 9, 2020), 2020 WL 1138018. Therein, the Superior Court stated that, pursuant to Pa. R.A.P. 1701(a) and *Bishop*, "during the pendency of a perfected appeal, a [court of common pleas] cannot grant or modify a defendant's bail." Slip op. at 4, 2020 WL 1138018, at *2. This offers no support to Respondents' position for three reasons. First, as in *Bishop*, *Rodland* addressed a bail application that had been filed with a court of common pleas while the Commonwealth's appeal of the Superior Court's decision regarding the underlying PCRA petition was pending before the Pennsylvania Supreme Court. *Rodland*, slip op. at 1-3, 2020 WL 1138018, at *1. Second, *Rodland* is an unreported opinion and therefore has no precedential value, even with regard to the Superior Court, and cannot serve to overrule the aforementioned line of reported Superior Court opinions establishing that courts of common pleas have wide latitude to grant post-appeal bail. *See* Pa. R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to an unpublished non-precedential memorandum decision of the Superior Court filed after May 1, 2019 or an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. [Such n]on-precedential decisions . . . may be cited for their persuasive value."). Third, even if we were to ignore these points, we do not agree that broadly interpreting the scope of Pennsylvania Rule of Appellate Procedure 1701(a) in such a manner is correct, as doing so completely disregards the wording of the rule itself, as well as that of Pennsylvania Rule of Appellate Procedure 1762(a) and Pennsylvania Rules of Criminal Procedure 521(B)(2), 534, and 908(A)(2). *See Com. v. Allen*, 59 A.3d 677, 679 (Pa. Cmwlth. 2012) ("It is well settled that decisions of the Superior Court are not binding upon this Court.").

trial court . . . may . . . . (2) Enforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter."). Thus, Hodge has a viable and sufficient remedy within his grasp, as Judge O'Keefe himself can grant Hodge the relief he seeks, *i.e.*, an order directing the Department to comply with Judge O'Keefe's April 17, 2020 bail order. This remedy, of which Hodge still may avail himself, deprives us of the ability to grant him the peremptory relief he seeks.

Our inability to provide Hodge with peremptory relief does not in any way diminish our deep concern with the Department's baseless failure to comply with Judge O'Keefe's order. This failure is especially appalling under the circumstances, given that the Department's intransigence has needlessly delayed Hodge's discharge from carceral confinement for roughly nine months during the midst of a global pandemic. Furthermore, now that we have made clear there is no legal basis for noncompliance with that order, we urge the Department to expeditiously free Hodge. By doing so, the Department will act in accordance with its duty to abide by judicial orders that are not clearly illegal and ensure that Hodge will not have to undertake any further legal action in order to compel his release.

## III. Conclusion

In accordance with the preceding analysis, we conclude that Hodge is not entitled to a judgment of peremptory mandamus in his favor and deny his Application.

_____
ELLEN CEISLER, Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Khylil Hodge, Incarcerated at : 
SCI Fayette, : 
          Petitioner : 
           : 
       v. : No. 305 M.D. 2020
           : 
Mark Capozza, Superintendent, : 
SCI Fayette, and John E. Wetzel, : 
          Respondents : 

# **O R D E R**

AND NOW, this 22nd day of January, 2021, Petitioner Khylil Hodge's (Hodge) Application for Peremptory Mandamus is DENIED. It is FURTHER ORDERED that Respondents Mark Capozza, Superintendent, SCI Fayette, and John E. Wetzel shall file a brief in support of their Preliminary Objections no later than twenty (20) days after the date of this order, as well as that Hodge shall file a brief in opposition thereto no later than thirty (30) days after Respondents' brief is filed of record in this matter.

_____
ELLEN CEISLER, Judge