496

Frank Rakus, Petitioner *v.* William B. Robinson, individually and in his official capacity as Commissioner of the Pennsylvania Bureau of Corrections, together with his agents and successors in interest, Charles C. Pagana, individually and in his official capacity as Director of Community Services for the Pennsylvania Bureau of Corrections together with his agents and successors in interest, James F. Howard, individually and in his official capacity as Superintendent of the State Correctional Institution at Pittsburgh, together with his agents and successors in interest, Charles Zimmerman, individually and in his official capacity as Deputy Superintendent of Treatment for Inmates at the State Correctional Institution at Pittsburgh, together with his agents and successors in interest, James Wigton, individually and in his official capacity as the Director of Treatment for Inmates at the State Correctional Institution at Pittsburgh, together with his agents and successors in interest, Respondents.

Submitted on briefs December 7, 1977, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers and Blatt.

*Frank Rakus*, petitioner, for himself.

*Michael H. Garrety,* Deputy Attorney General, with him *J. Andrew Smyser,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE BOWMAN, February 3, 1978:

Frank Rakus, petitioner pro se, was sentenced in 1950 to life imprisonment for the crime of first degree murder. This sentence was commuted in 1976 to a term of thirty years to life, said minimum sentence to expire on January 10, 1980. Added to the commutation order was the following phrase: "so that he may be eligible for pre-release consideration at the discretion of the Bureau of Correction." Petitioner promptly began to request admission to pre-release programs such as picnic visits and furloughs, apparently with the belief that the addenda to the commutation order assured his admission. With the exception of an entry into a community treatment center program, subsequently rescinded by the program staff, all such requests were denied.

Petitioner then initiated an action in this Court, which by our Order of July 29, 1977, we treated as a petition for review in the nature of mandamus and declaratory judgment. Pa. R.A.P. 1503. It names as respondents, William B. Robinson, Commissioner of the Pennsylvania Bureau of Corrections; Charles C. Pagana, Director of Community Services for the Pennsylvania Bureau of Corrections; James F. Howard, Superintendent of the State Correctional Institution at Pittsburgh (SCI); Charles Zimmerman, Deputy Superintendent at SCI; and James Wigton, Director of Treatment at SCI.

Asserting in conclusory averments that said respondents have conspired to unlawfully deny him admission to pre-release programs because of a 1972 escape attempt, criminal charges for which were dis-

missed, petitioner claims violations of his constitutional rights under the Fourteenth and Eighth Amendments of the United States Constitution and asserts a cause of action under 42 U.S.C. §1983. Petitioner seeks "injunctive" relief to gain entry to pre-release status, damages and a declaratory judgment.

Respondents, in their answer, deny petitioner's charge that denial to pre-release programs is in retaliation for the alleged 1972 escape, and aver further that denial was based upon petitioner's "lengthy history of escapes and escape attempts at several institutions, poor judgment and erratic behavior, too great a possibility of cultural and emotional shock in the unstructured furlough environment after almost continuous incarceration since 1938." In new matter, respondents assert absolute or conditional immunity, the good faith of their actions and allege that petitioner has failed to state a cause of action.

Petitioner, in his reply to new matter, denies immunity but adds no additional factual averments.

The pleadings being closed, respondents have filed a motion for summary judgment supported by affidavits from all respondents and other documentary evidence. Petitioner has filed no answer to said motion and has offered no rebuttal to said affidavits.

Pa. R.C.P. No. 1035(b) states that summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Aside from petitioner's conclusory averments of conspiracy, denied by respondents, the pleadings reveal no issue of material fact. Nor is such an issue raised by the affidavits submitted in support of respondents' motion. Such affidavits reveal, instead, that petitioner's requests for pre-release status

were treated in a manner no different than that afforded to requests from prisoners generally. Accordingly, we deem these proceedings ripe for summary judgment and shall grant respondents' motion. It is, in this light, unnecessary for us to address the issue of respondents' immunity.

Petitioner is seeking, in effect, a mandamus order compelling respondents to admit him to pre-release status. Mandamus will lie only to compel public officials to perform their duties in accordance with the law where those duties are ministerial in character and not discretionary. *Rose Tree Media School District v. Department of Public Instruction,* 431 Pa. 233, 244 A.2d 754 (1968).

> It is well settled that such remedy does not lie to compel the defendant to perform an act where it lies within the discretion of the defendant whether the act will be performed or not, nor to govern the manner of performing an otherwise required act. It does not lie to control the exercise of discretion by a public official. . . .

11 Standard Pennsylvania Practice 234, and cases cited therein.

This principle, plus the conclusion we are compelled to draw that respondents' discretion was neither arbitrarily nor fraudulently exercised, *South Whitehall Township v. Department of Transportation,* 11 Pa. Commonwealth Ct. 558, 316 A.2d 104 (1974), mandate the dismissal of the above petition for review to the extent it sounds in mandamus. We shall not, on these facts, interfere with the discretionary acts of respondents.

The remainder of petitioner's claim asserting a right to damages under 42 U.S.C. §1983 for violation of his constitutional rights and seeking a declaratory judgment must be dismissed. In view of the pleadings

and affidavits in support of respondents' motion, which establish to our satisfaction that the alleged 1972 escape attempt is not the subject of a conspiracy of revenge, it is apparent to us that petitioner is left complaining only of the fact that prisoners he deems less deserving than he have been granted pre-release status. There is thus no claim stated by petitioner of constitutional magnitude nor, in our view, any claim cognizable in a declaratory judgment proceedings.

### ORDER

Now, February 3, 1978, respondents' motion for summary judgment is hereby granted, and the petition for review of Frank Rakus is dismissed.