IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Tyreek Jackson, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 650 M.D. 2019 |
| | : | |
| Pennsylvania Department | : | |
| of Corrections, | : | |
| Respondent | : | Submitted: June 5, 2023 |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
            HONORABLE ELLEN CEISLER, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                          FILED: July 5, 2023

Currently before this Court are dueling motions for judgment on the pleadings submitted, respectively, by Petitioner Tyreek Jackson (Jackson), who is currently incarcerated within our Commonwealth's prison system, and Respondent Pennsylvania Department of Corrections (Department) regarding Jackson's Petition for Writ of Mandamus (Mandamus Petition). Through this Mandamus Petition, which was filed in our original jurisdiction, Jackson asserts that the Department has failed to calculate his carceral sentences in a manner which properly accounts for all of the time credit to which he is entitled, and requests that we direct the Department to correct this putative error. After thorough review, we deny Jackson's Motion for Judgment on the Pleadings (Motion) and, in addition, partially grant and partially deny the Department's Cross-Motion for Judgment on the Pleadings (Cross-Motion).

## I. Background

The relevant, undisputed facts are as follows.[1] At some point in either late 1998 or early 1999, Jackson was convicted in the Court of Common Pleas of Philadelphia County (Common Pleas) of one count each of aggravated assault; attempted murder; carrying a firearm without a license; carrying a firearm in public in Philadelphia; criminal conspiracy; possession of an instrument of crime, and robbery.[2] On May 7, 1999, Common Pleas sentenced Jackson to a lengthy term in state prison.[3] Jackson was subsequently paroled from this sentence on January 9, 2006. Am. Answer ¶17; Jackson's Response to Department's Am. Answer with New Matter (Response) ¶17.

Jackson subsequently committed a multitude of crimes and parole violations over the ensuing years. On June 29, 2006, he was detained for violating his parole

---

[1] We have filled in some of the informational gaps regarding Jackson's convictions by taking judicial notice of the particulars of his state-level criminal cases, as permitted by law. *See, e.g.*, Pa. R.E. 201(b)(2); *Doxsey v. Com.*, 674 A.2d 1173, 1174 (Pa. Cmwlth. 1996). These cases, all of which were filed in Common Pleas, can be found under docket numbers CP-51-CR-1000591-1998, CP-51-CR-0011388-2007, and CP-51-CR-0007006-2012, and list Jackson's name as either "Tyree Jackson" or "Tyree Lamar Jackson." Though there are obvious discrepancies between these cases' docket sheets and the Mandamus Petition regarding the proper spelling of Jackson's full name, both parties are in agreement that these cases are ones in which Jackson was criminally charged and convicted. *See* Mandamus Petition ¶¶1, 4-6, 9-11, Department's Am. Answer with New Matter (Amended Answer) ¶¶1, 4-5, 14, 16-17, 21-26, 29, 31-37.

[2] This case was docketed as CP-51-CR-1000591-1998.

[3] Jackson received the following sentences on May 7, 1999: aggravated assault, 42 to 156 months; attempted murder, 42 to 156 months; carrying a firearm without a license, 36 to 72 months; criminal conspiracy, 60 to 120 months; possession of an instrument of crime, 12 to 24 months; robbery, 42 to 156 months; and unlawful carrying of a firearm in public in Philadelphia, 12 to 24 months. The docket sheet for CP-51-CR-1000591-1998 does not show whether the sentences for each individual crime were concurrent or consecutive. However, it appears that the parties are in agreement that these sentences all ran concurrently. *See* Am. Answer ¶24 and Response ¶24 (stating that the maximum date on Jackson's 1999 sentence was recalculated on April 9, 2009, as October 17, 2012).

and was subsequently released on August 26, 2006. Am. Answer ¶¶18-19; Response ¶¶18-19. Jackson was then arrested in Philadelphia and charged with one count each of possession of a controlled substance with intent to deliver and possession of an instrument of crime.[4] Am. Answer ¶20; Response ¶20. On September 10, 2008, Jackson pled guilty to both charges and Common Pleas sentenced him to a county-level term of 11.5 to 23 months, along with 3 years of probation. Am. Answer ¶21; Response ¶21. Thereafter, on April 9, 2009, Jackson was recommitted as a convicted parole violator (CPV), whereupon he served slightly more than 29 months of backtime on his 1999 sentence, before he was once again paroled on September 14, 2011. Am. Answer ¶¶24-25; Response ¶¶24-25. On April 13, 2012, Jackson was arrested in Philadelphia and was charged with one count each of aggravated assault; burglary; possession of an instrument of crime; robbery; unlawful carrying of a firearm in public in Philadelphia; and unlawful possession of a firearm.[5] He was then arrested by federal authorities on June 30, 2014, charged with aggravated identity theft, convicted of that crime on November 25, 2014, and sentenced to 30 months in federal prison. Am. Answer ¶¶27-28; Response ¶¶27-28, Ex. A. On June 25, 2015, Jackson was found guilty on all of the aforementioned state-level charges that had been lodged against him in 2012 and, on October 26, 2015, Common Pleas sentenced him to an aggregate term of 14 to 30 years in state prison. Am. Answer ¶29; Response ¶29, Ex. B. Jackson completed his federal sentence on September 1, 2016, whereupon he was remanded to state custody and began serving CPV backtime on his 1999 sentence. Am. Answer ¶¶30, 32; Response ¶¶30, 32. While Jackson was serving this backtime, Common Pleas revoked his probation for his 2008 conviction

---

[4] This case was docketed as CP-51-CR-0011388-2007.

[5] This case was docketed as CP-51-CR-0007006-2012.

3

and sentenced him to 3 to 6 years in state prison on October 13, 2016 (2016 VOP sentence), to be served concurrently with his other state sentences. Am. Answer ¶34; Response ¶34. Jackson completed his CPV backtime for his 1999 sentence on April 23, 2017, and was paroled from his 2016 VOP sentence on October 26, 2019. Am. Answer ¶¶35-36; Response ¶35.[6]

On November 25, 2019, Jackson filed his Mandamus Petition with our Court. Therein, he alleged that the Department had failed to properly calculate the terms on his active state sentences and had consequently deprived him of the credit to which he believed he was entitled for time served between September 1, 2016, and October 17, 2019. Mandamus Petition ¶¶1-15. Accordingly, Jackson requested that we issue a writ of mandamus to compel the Department to award him credit for this time period and apply it to those sentences. *Id.*, Wherefore Clause.

The Department reacted by both revisiting its treatment of Jackson's 2015 sentence and answering the Mandamus Petition. On October 22, 2021, the Department issued a new Sentence Status Summary, in which it recalculated the starting date of his 2015 sentence as April 24, 2017, a marked departure from its original calculation of October 17, 2019, while also determining that this sentence's minimum and maximum dates were, respectively, January 21, 2029, and January 21, 2045. Am. Answer ¶37, Ex. A; Response, Ex. A. The Department then submitted its Amended Answer on December 8, 2021. Therein, it asserted, in relevant part, that Jackson had served CPV backtime on his 1999 sentence between September 1, 2016, and April 23, 2017, during which time he ceased receiving credit towards his 2015

---

[6] Jackson did not respond to paragraphs 36 and 37 of the Department's Amended Answer. As the Department's Amended Answer contained a notice to plead, the factual averments in those paragraphs are deemed admitted. *See* Pa. R.Civ.P.1029(a); *Edmond v. Se. Pa. Transp. Auth.*, 651 A.2d 645, 647 (Pa. Cmwlth. 1994).

sentence, and only began serving his 2015 sentence after completing that backtime. Am. Answer ¶¶14, 32-37. Jackson replied to the Amended Answer on June 14, 2022; in his Response, Jackson agreed that the Department had given him proper credit for the period that ran from September 1, 2016, through April 23, 2017, but maintained that the Department had failed to do so for the time he had served between April 23, 2017, and October 16, 2019. Response ¶¶14, 32-35; *id.*, Wherefore Clause. Jackson then filed his Motion on July 7, 2022, after which the Department submitted its Cross-Motion on July 20, 2022.

## II. Discussion

The parties' arguments are relatively simple. The Department contends that it is entitled to judgment on the pleadings for three interlocking reasons. First, Jackson no longer disputes that he received all sentence credit to which he was entitled from September 1, 2016, to April 23, 2017; second, Jackson cannot receive credit towards his 2015 sentence for April 23, 2017, because he was serving backtime on that date for his 1999 sentence; and third, Jackson has been actively serving his 2015 sentence from April 24, 2017, onwards, with all of that served time having been already applied towards that sentence. Department's Br. at 9-12. Jackson, by contrast, maintains that the Department still owes him the entire amount of credit he originally claimed in his Mandamus Petition, from September 1, 2016, and October 17, 2019. Jackson's Br. at 1-2.

"When ruling on a motion for judgment on the pleadings in our original jurisdiction, we must view all of the opposing party's allegations as true, and only those facts that the opposing party has specifically admitted may be considered against the opposing party." *Parish v. Horn*, 768 A.2d 1214, 1215 n.1 (Pa. Cmwlth. 2001). In considering such a motion, "[w]e must consider only the pleadings

themselves and any documents properly attached[,]" *Casner v. Am. Fed'n of State, Cnty. & Mun. Emps.*, 658 A.2d 865, 869 (Pa. Cmwlth. 1995), and may only grant it "when there exists no genuine issue of fact and the moving party is entitled to judgment as a matter of law." *Id.*

As for the nature of Jackson's claim itself, "[i]t is well settled that mandamus is an extraordinary writ which lies to compel performance of a ministerial act or mandatory duty where there is a clear legal right in the petitioner, a corresponding duty in the respondent, and a want of any other appropriate and adequate remedy." *Cooper v. City of Greensburg*, 363 A.2d 813, 815 (Pa. Cmwlth. 1976). "The purpose of mandamus is not to establish legal rights but only to enforce those legal rights that have already been established." *Orange Stones Co. v. City of Reading, Zoning Hearing Bd.*, 32 A.3d 287, 290 (Pa. Cmwlth. 2011). "Mandamus will lie only to compel public officials to perform their duties in accordance with the law [when] those duties are ministerial in character and not discretionary." *Rakus v. Robinson*, 382 A.2d 770, 772 (Pa. Cmwlth. 1978) (citing *Rose Tree Media Sch. Dist. v. Dep't of Pub. Instruction*, 244 A.2d 754 (Pa. 1968)). "Because the sentence imposed by a trial court is a question of law that involves no discretion on the part of the Department, mandamus will lie to compel the Department to properly compute a prisoner's sentence." *Com., ex rel. Powell v. Pa. Dep't of Corr.*, 14 A.3d 912, 915 (Pa. Cmwlth. 2011).

Here, it is evident that Jackson has already received the lion's share of the time credit which he sought through his Mandamus Petition. In his Response, Jackson "agreed" with the Department's assertion that he had served CPV backtime on his 1999 sentence between September 1, 2016, and April 23, 2017. *See* Am. Answer ¶32; Response ¶32. That backtime could only be counted towards his 1999

sentence, as Section 6138(a)(5)(i) of the Prisons and Parole Code (Parole Code) mandates that an inmate complete CPV backtime prior to beginning service on a new, state-level sentence. 61 Pa C.S. § 6138(a)(5)(i);[7] *Kerak v. Pa. Bd. of Prob. & Parole*, 153 A.3d 1134, 1138 (Pa. Cmwlth. 2016) (citing 61 Pa C.S. § 6138(a)(5)) ("Section 6138(a)(5) of the . . . Parole Code provides that once a parolee is recommitted as a [CPV], the original sentence and any new sentences must be served consecutively rather than concurrently."). There is thus no doubt that Jackson has already received all the credit to which he was entitled for that period. Similarly, the Department's October 22, 2021 Sentence Status Summary reflects that it has already recalculated the starting date of Jackson's 2015 sentence, changing it from October 17, 2019, to April 24, 2017. *See* Am. Answer ¶37, Ex. A; Response, Ex. A. There is no question that the Department has already applied credit for the time between those two dates towards Jackson's 2015 sentence, which was being served concurrently with his shorter 2016 VOP sentence. *See* Am. Answer ¶¶34, 37, Ex. A; Response ¶34, Ex. A. Therefore, at minimum, Jackson lacks a clear right to the relief he seeks as to sentence credit for the time he served between September 1, 2016, and April 23, 2017, and from April 24, 2017, through October 17, 2019.

Even so, questions remain regarding credit for a single day served by Jackson. The Department avers in its Answer that Jackson completed the CPV backtime for

---

[7] Specifically, Section 6138(a)(5) of the Parole Code states, in relevant part:

> (5) If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> > (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa. C.S. § 6138(a)(5).

his 1999 sentence on April 23, 2017, and then began serving his new sentences. Answer ¶¶32-35. It is unclear, however, whether April 23, 2017, was properly accounted for in this situation, as there is no proof that it was credited towards Jackson's 1999 sentence and the Department's October 22, 2021 Sentence Status Summary shows that Jackson did not begin serving his 2015 sentence until April 24, 2017. *See* Am. Answer, Ex. A; Response, Ex. A. Given this, as well as Jackson's denial of the Department's averments regarding that date, we cannot say with certainty at this juncture that he has received the sentence credit to which he is due for April 23, 2017.

### III. Conclusion

In accordance with the foregoing, we grant the Department's Cross-Motion in part, regarding Jackson's request for mandamus relief that pertains to sentence credit for time served from September 1, 2016, to April 23, 2017, and between April 24, 2017, and October 17, 2019, and deny the Cross-Motion in part, as to Jackson's request for mandamus relief regarding sentence credit for time served on April 23, 2017. In addition, we deny Jackson's Motion, in full.

_____
ELLEN CEISLER, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyreek Jackson, : 
        Petitioner : 
  : 
    v. : No. 650 M.D. 2019
  : 
Pennsylvania Department : 
of Corrections, : 
        Respondent : 

# **O R D E R**

AND NOW, this 5th day of July, 2023, it is hereby ORDERED:

1. Respondent Pennsylvania Department of Corrections' (Department) Cross-Motion for Judgment on the Pleadings (Cross-Motion) is GRANTED IN PART, as to Petitioner Tyreek Jackson's (Jackson) Petition for Writ of Mandamus (Mandamus Petition), regarding sentence credit for time served from September 1, 2016, to April 23, 2017, and between April 24, 2017, and October 17, 2019;

2. The Department's Cross-Motion is DENIED IN PART, as to the Mandamus Petition, regarding sentence credit for time served on April 23, 2017; and

3. Jackson's Motion for Judgment on the Pleadings is DENIED, in full.

_____
ELLEN CEISLER, Judge