IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Louis Charles Bouie,            :
                   Petitioner    :
                                 :
     v.                       : No. 206 M.D. 2022
                                 :
Pennsylvania Department  :
of Corrections,            :
                   Respondent   : Submitted: April 14, 2023

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
JUDGE CEISLER                       FILED: July 10, 2023

Petitioner Louis Charles Bouie (Bouie), an inmate currently incarcerated within our Commonwealth's prison system, has filed a Petition for Review (PFR) in our original jurisdiction, through which he seeks relief regarding Respondent Pennsylvania Department of Corrections' (Department) refusal to place him in what is known as the State Drug Treatment Program (SDTP or Program),[1] a component

---

[1] As explained by the Department, the SDTP

> is a [Department-administered] 24-month intensive treatment program
>
> . . . .
>
> for statutorily eligible inmates who have been convicted of substance use-related crimes who have undergone an assessment performed by the [Department], which assessment has concluded that the inmate is in need of drug and alcohol addiction treatment and would benefit from commitment to the SDTP and that placement in SDTP would be appropriate. This program follows guidelines set forth in 61 Pa. C.S. Ch. 41. The SDTP shall address

**(Footnote continued on next page…)**

the individually assessed drug and alcohol abuse and addiction needs of a participant and shall address other issues essential to the participant's successful reintegration into the community, including, but not limited to, educational and employment issues.

. . . .

[**SDTP**] **replaced the former State Intermediate Punishment Program (SIP) within the Department** . . . . **This change is outlined in Act 115 of 2019[, Act of December 18, 2019, P.L. 776, No. 119] . . . JRI2[]. Unlike SIP, which was a 24-month flat sentence imposed by a judge to address substance use-related crimes, the SDTP is a treatment program to which an offender may be referred following evaluation and classification completed by the Department.**

. . . .

The main differences between the SDTP and the former SIP Program are:

> • SDTP is not a sentence imposed by a judge. It is a treatment program offered to eligible offenders whom the Department believes will benefit from placement in the program.

> • In cases where a SDTP participant is unable to complete the mandatory program levels prior to his/her maximum release date, and is otherwise progressing well in the program, the Department may grant a program extension up to 30 months.

> • Upon certification by the Department of the participant's successful completion of the program, the entire term of confinement that rendered the participant eligible to participate in the SDTP shall be deemed to have been served. The sentencing judge will be notified of an offender's admission to the SDTP, and of successful completion of or removal from the program.

> • Upon unsuccessful completion or removal from the program, the offender will revert to his/her original sentence and may be eligible for consideration of parole at minimum sentence. The judge will be issued a program expulsion/removal letter but will not be asked to conduct a revocation/resentencing hearing to address the expulsion.

**(Footnote continued on next page…)**

2

of Justice Reinvestment Initiative 2 (JRI2).[2] In response, the Department has filed preliminary objections in the nature of a demurrer. After thorough review, we sustain the Department's preliminary objections and dismiss the PFR.

## I. Background

On August 27, 2019, Bouie was convicted in the Court of Common Pleas of Lehigh County (Common Pleas) of three counts of possession of a controlled substance with intent to deliver. PFR, Exs. A, C.[3] Common Pleas then sentenced Bouie on October 29, 2019, to an aggregate term of 5 to 10 years in state prison,

*State Drug Treatment Program (SDTP)*, PA. DEP'T OF CORR., https://www.cor.pa.gov/community-reentry/Documents/JRI%202/SDTP%20Brochure.pdf (last visited July 5, 2023) (emphasis added); *see* 61 Pa. C.S. § 4105 (articulating the particulars of the SDTP).

[2] Per the Department:

> In Dec[ember] 2019, a collection of bills commonly known as [JRI2] were passed into law, which changed how select [Department] programs operate. Among the programs affected were: [SDTP]; Quick Dips; Short Sentence Parole; and Quehanna Boot Camp.
>
> Another change affects deductions from inmates' accounts. Monetary deductions for restitution and other court-ordered financial obligations have increased from 20 [%] to 25 [%]. The [Department] will now make the mandatory monetary deductions of at least 25 percent of deposits made to inmate accounts.

*Justice Reinvestment Initiative 2 (JRI2)/Act 115*, PA. DEP'T OF CORR., https://www.cor.pa.gov/community-reentry/Pages/JRI2.aspx (last visited July 5, 2023).

[3] Bouie's PFR does not comport with Pennsylvania Rule of Appellate Procedure 1513's formatting requirements. Rather than pleading each averment in its own, separate paragraph, along with properly labelled and articulated legal claims, Bouie instead properly enumerates some averments, but then shifts to a two-page narrative statement he has titled "Argument," in which he blends additional averments with legal assertions and requests for relief. For reasons unknown, the Department elected not to attack these manifest deficiencies through its preliminary objections. Accordingly, and for simplicity's sake, we cite to paragraph numbers where they have been provided, page numbers where they have not, and the attached exhibits using the designations used by Bouie.

3

with credit for time served in presentence detention. *Id.* ¶1, Ex. A. Thereafter, on April 22, 2021, Bouie sent a letter to Common Pleas, in which he stated that he was trying to overcome his addiction to alcohol and prescription drugs, and asked Common Pleas to help him secure placement in the SDTP. *Id.* ¶3, Ex. C. Common Pleas responded on April 28, 2021, and encouraged Bouie to pursue that goal by following the statutory guidelines governing admission. *Id.* ¶4, Ex. D. In doing so, Common Pleas also stated that it had not deemed Bouie ineligible for the SDTP, but cautioned Bouie that his "prior conviction for robbery in 2009 would seemingly disqualify [him] from the [P]rogram." *Id.*, Ex. D.

Bouie then embarked upon an unsuccessful effort to convince the Department to place him in the SDTP. On June 14, 2021, the Department ran Bouie through a drug screening protocol, determined that he would benefit from treatment for substance abuse issues, and informed Bouie that he would be enrolled in an appropriate program once he drew closer to the minimum date on his 2019 sentence. *Id.* ¶5, Ex. E. However, at a roughly contemporaneous point, Bouie was informed by the Department that he was not eligible for the SDTP, because he had been *sentenced prior to the Program's* creation. *See id.* ¶6, Ex. F. Bouie challenged this conclusion via letters to the Department, inmate requests, and grievances, none of which caused the Department to change its position regarding his SDTP eligibility. *See id.* ¶¶6-19, Exs. F, I-N, Q, S.

On April 4, 2022, Bouie filed his PFR with our Court, in which he argues that the Department's position regarding SDTP eligibility is legally erroneous. PFR at 5. As relief, Bouie requests that we "reverse" a JRI2 "Form"[4] that has been

---

[4] This "Form" is a single-sheet "inmate reference" that explains the eligibility requirements for, and the parameters of, several programs that were established through JRI2, including the **(Footnote continued on next page…)**

promulgated by the Department and, in addition, direct the Department to admit him into the SDTP and/or refund to him the additional, JRI2-mandated deductions it had made from his inmate account since JRI2 went into effect. *Id.* at 5-6. The Department responded to the PFR by submitting its preliminary objections on September 13, 2022, to which Bouie responded in opposition on October 3, 2022.

## II. Discussion

In its preliminary objections, the Department demurs to the PFR for two reasons. First, the SDTP did not exist at the time of Bouie's sentencing in 2019, which renders him ineligible for the Program. Department's Br. at 10. Second, even if Bouie is eligible, he does not have a right to be placed in the SDTP, because such placement decisions are made at the Department's discretion. *Id.* at 10-11.

> In ruling on preliminary objections, this Court accepts as true all well-pled allegations of material fact, as well as all inferences reasonably deducible from those facts. *Key v. Pa. Dep't of Corr.*, 185 A.3d 421 (Pa. Cmwlth. 2018). However, this Court need not accept unwarranted inferences, conclusions of law, argumentative allegations, or expressions of opinion. *Id.* For preliminary objections to be sustained, it must appear with certainty that the law will permit no recovery. *Id.* Any doubt must be resolved in favor of the non-moving party. *Id.*

*Feliciano v. Pa. Dep't of Corr.*, 250 A.3d 1269, 1274 (Pa. Cmwlth. 2021) (quoting *Dantzler v. Wetzel*, 218 A.3d 519, 522 n.3 (Pa. Cmwlth. 2019)).

Our analysis is complicated slightly by Bouie's failure to identify the precise nature of the claim or claims he pursues against the Department, as well as his request that we "reverse" what appears to be nothing more than an informational pamphlet. In context, however, Bouie appears to rest his case on two propositions.

SDTP. *See* PFR, Ex. G. The JRI2 Form expressly states that inmates are "[o]nly eligible [for these programs] if [they] were sentenced on or after 12/18/19." *Id.*

5

First, the Department's determination that inmates can only enter the SDTP if they were sentenced on or after the date of the Program's creation contravenes the language used in Sections 4103 through 4105 of the Prisons and Parole Code (Code), 61 Pa. C.S. §§ 4103-4105, and, thus, is legally erroneous. *See* PFR at 4-5. Second, the Department was required to place him in the SDTP, because he was technically eligible for admission into the SDTP and had been assessed by the Department as someone who would benefit from treatment for his substance abuse issues. *See id.* In other words, he appears to seek a ruling that both states that the Department's Code interpretation is incorrect and orders the Department to take nondiscretionary action. The gravamen of Bouie's assertions can thus be most comfortably characterized as requests for declaratory judgment and for mandamus relief.

> As for the general nature of these types of claims,
>
> > [a] declaratory judgment declares the rights, status, and other legal relations "whether or not further relief is or could be claimed." 42 Pa. C.S. § 7532.[] It has been observed that "[d]eclaratory judgments are nothing more than judicial searchlights, switched on at the behest of a litigant to illuminate an existing legal right, status or other relation." *Doe v. Johns-Manville Corp*[.], . . . 471 A.2d 1252, 1254 ([Pa. Super.] 1984). Stated otherwise, "[t]he purpose of awarding declaratory relief is to finally settle and make certain the rights or legal status of parties." *Geisinger Clinic v. Di Cuccio*, . . . 606 A.2d 509, 519 ([Pa. Super.] 1992)[.]
> >
> > A declaratory judgment, unlike an injunction, does not order a party to act. This is so because "the distinctive characteristic of the declaratory judgment is that the declaration stands by itself; that is to say, no executory process follows as of course." *Petition of Kariher*, . . . 131 A. 265, 268 ([Pa.] 1925).

*Eagleview Corp. Ctr. Ass'n v. Citadel Fed. Credit Union*, 150 A.3d 1024, 1029-30 (Pa. Cmwlth. 2016) (footnote omitted). By contrast, "mandamus is an extraordinary

writ which lies to compel performance of a ministerial act or mandatory duty where there is a clear legal right in the petitioner, a corresponding duty in the respondent, and a want of any other appropriate and adequate remedy." *Cooper v. City of Greensburg*, 363 A.2d 813, 815 (Pa. Cmwlth. 1976). "The purpose of mandamus is not to establish legal rights but only to enforce those legal rights that have already been established." *Orange Stones Co. v. City of Reading, Zoning Hearing Bd*., 32 A.3d 287, 290 (Pa. Cmwlth. 2011). "Mandamus will lie only to compel public officials to perform their duties in accordance with the law [when] those duties are ministerial in character and not discretionary." *Rakus v. Robinson*, 382 A.2d 770, 772 (Pa. Cmwlth. 1978) (citing *Rose Tree Media Sch. Dist. v. Dep't of Pub. Instruction*, 244 A.2d 754 (Pa. 1968)).

Moving on, both of Bouie's claims present us with pure questions of statutory interpretation.

> It is well settled that, in interpreting a statute, this Court's objective is to ascertain and give effect to the intent of our General Assembly. 1 Pa. C.S. § 1921(a). The best expression of this intent is found in the statute's plain language. *Cagey v. Com*[.], . . . 179 A.3d 458, 462 ([Pa.] 2018). If the statutory language is "clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa. C.S. § 1921(b). . . . "When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." *Com*[.] *ex rel. Cartwright v. Cartwright*, . . . 40 A.2d 30, 33 ([Pa.] 1944).

*O'Donnell v. Allegheny Cnty. N. Tax Collection Comm.*, 266 A.3d 2, 16 (Pa. 2021).

Several statutory provisions guide our analysis. First, Section 4105 of the Code tasked the Department with establishing and administering the SDTP; sets the duration for which an inmate may be enrolled in the Program; specifies the minimum

7

amount of time an inmate must spend in each phase of the SDTP; and vests the Department with discretion to shift an inmate between different phases and, if necessary, to expel an inmate from the Program. 61 Pa. C.S. § 4105(a)-(c), (f). Next, Section 4104 of the Code governs the selection process for admission into the SDTP and reads as follows, in relevant part:

> (a) Duties of [the Pennsylvania Commission on Sentencing (Commission)] and sentencing judge.--
>
> > (1) Through the use of sentencing guidelines, the [C]ommission shall employ the term "eligible person" as defined in this chapter to further identify persons who would be potentially appropriate for participation in the [SDTP]. The sentencing judge shall employ the sentencing guidelines to identify persons who are eligible for participation in the [SDTP]. The judge shall consider the position of a victim of the crime, as advised by the prosecuting attorney, on whether to exclude the person from eligibility for placement in the [SDTP]. The judge shall exclude the person from eligibility if the prosecuting attorney opposes eligibility. The judge shall note on the sentencing order if a person has been excluded from eligibility for the [SDTP]. If the person is not excluded from eligibility, the minimum sentence imposed shall operate as the minimum for parole eligibility purposes if the person is not placed in the [SDTP] by the [D]epartment under subsection (c) or if the person is expelled from the [SDTP] under section 4105(f) (relating to [the SDTP]).
> >
> > (2)(i) The prosecuting attorney shall advise the court if the prosecuting attorney or a victim of the crime opposes eligibility and, in the prosecuting attorney's sole discretion, may advise the court that the Commonwealth has elected to waive the eligibility requirements of this chapter if the victim has been given notice of the prosecuting attorney's intent to waive the eligibility requirements and an opportunity to be heard on the issue.

> > (ii) The court, after considering victim input, may refuse to accept the prosecuting attorney's waiver of the eligibility requirements.
>
> > (b) Assessment of addiction.--The [D]epartment shall conduct an assessment of the addiction and other treatment needs of an eligible person and determine whether the person would benefit from the [SDTP], public safety would be enhanced by the person's participation in the [SDTP], and placement of the person in the [SDTP] would not depreciate the seriousness of the offense. The assessment shall be conducted using a nationally recognized assessment instrument or an instrument that has been normed and validated on the [D]epartment's inmate population by a recognized expert in such matters. The assessment instrument shall be administered by persons skilled in the treatment of drug and alcohol addiction and trained to conduct assessments. The assessments shall be reviewed and approved by a supervisor with at least three years of experience providing drug and alcohol counseling services.
>
> > (c) Placement in the [SDTP].--If the [D]epartment in its discretion believes an eligible person would benefit from the [SDTP] and placement in the [SDTP] is appropriate, the [D]epartment shall make the placement and notify the court, the eligible person, the [C]ommission and the attorney for the Commonwealth of the placement.

*Id.* § 4104. Finally, Section 4108 directs that, "[n]otwithstanding any other provision of law to the contrary," the Code's SDTP provisions are not to be construed as imbuing anyone with the right to "participate in a drug offender treatment program[.]" *Id.* § 4108-(1)(i).[5]

---

[5] "Drug offender treatment program" is defined in Section 4103 of the Code as "[a]n individualized treatment program established by the Department . . . consisting primarily of drug and alcohol addiction treatment that satisfies the terms and conditions listed in [S]ection 4105 [of the Code] (relating to drug offender treatment program)." 61 Pa. C.S. § 4103. Section 4105 of the Code is titled "State drug treatment program." *Id.* § 4105. Simply put, the SDTP is a Code-defined drug offender treatment program.

These statutes, through their plain language, enable us to make three salient conclusions. First, though the Department is ultimately responsible for determining whether an "eligible" inmate should be admitted into the SDTP, that determination can only occur after the relevant court has made a threshold eligibility decision during the course of sentencing that inmate. *See id.* § 4104(a)-(c). Second, the Department has broad latitude when considering whether to place an eligible inmate in the SDTP, as well as regarding how to handle an inmate post-admission. *See id.* §§ 4104(b)-(c), 4105(b)-(c), (f). Finally, and regardless of an inmate's Program eligibility or the results of a Department-administered addiction assessment, nothing in the statutes that govern the SDTP gives an inmate a legally enforceable right to gain admission thereto. *See id.* §§ 4104(b)-(c), 4105(b)-(c), (f), 4108-(1)(i).

Here, Bouie was sentenced by Common Pleas on October 29, 2019, nearly four months before February 18, 2020, when the laws establishing the SDTP went into effect. *See id.* § 4105; PFR, Exs. A, C. As the SDTP did not exist when Bouie was sentenced, Common Pleas obviously could not make a Program eligibility determination for him at that juncture. The timing of Bouie's sentencing thus deprives him of SDTP eligibility.[6] Furthermore, even if this was not the case, Bouie's involvement with the SDTP would be at the Department's discretion, and he would have no legally enforceable right to compel the Department to admit him into the Program. Consequently, we conclude that Bouie does not have a right, clear or otherwise, to the relief he seeks and, thus, has failed to state a legally viable claim in his PFR.

---

[6] Indeed, only those individuals who were sentenced on or after February 18, 2020, can be allowed into the SDTP, because admission into the SDTP cannot occur without a predicate judicial eligibility decision.

10

### III. Conclusion

In accordance with the foregoing analysis, we sustain the Department's preliminary objections and dismiss Bouie's PFR.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Louis Charles Bouie,  :
               Petitioner  :
                 :
     v.  :  No. 206 M.D. 2022
                 :
Pennsylvania Department  :
of Corrections,  :
               Respondent  :

# O R D E R

AND NOW, this 10th day of July 2023, it is hereby ORDERED that Respondent Pennsylvania Department of Corrections' preliminary objections are SUSTAINED. It is FURTHER ORDERED that Petitioner Louis Charles Bouie's Petition for Review is DISMISSED.

 

_____

ELLEN CEISLER, Judge