IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kareem George,                          :
                    Petitioner          :
                                        :
        v.                              :   No. 409 M.D. 2021
                                        :
Commonwealth of Pennsylvania,           :
Department of Corrections,              :
Records Supervisor, Kathleen            :
Witmer, SCI Rockview,                   :
Superintendent, Bobi Jo Solomon,        :
                    Respondents         :   Submitted:  May 5, 2023


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                                   FILED:  August 15, 2023

        Currently before us are Respondents Commonwealth of Pennsylvania,
Department of Corrections (Department); Records Supervisor, Kathleen Witmer;
and SCI Rockview Superintendent Bobi Jo Solomon's (collectively Respondents)
preliminary objections to Petitioner Kareem George's (Petitioner) Petition for Writ
of Mandamus (Mandamus Petition). Petitioner, who is currently incarcerated within
our Commonwealth's state prison system, seeks relief regarding Respondents'
putative failure to abide by a sentencing order issued by the Court of Common Pleas
of Dauphin County (Common Pleas). Respondents demur to the Mandamus Petition,
on the basis that Petitioner lacks a clear right to the relief he seeks and, thus, has
failed to state a viable legal claim. By law, we are limited to considering only those
arguments Respondents saw fit to make in their preliminary objections. *See* Pa.

R.Civ.P. 1028(b), 1032(a). Neither of Respondents' arguments, however, are on point. Therefore, we are constrained to overrule Respondents' preliminary objections.

## I. Background

On August 27, 2007, Petitioner pled guilty in Common Pleas to one count each of carrying a firearm without a license; flight to avoid apprehension, trial, or punishment; third-degree murder; and unlawful possession of a firearm, and was sentenced to an aggregate term of 15 to 30 years in state prison (2007 sentence). Mandamus Pet. ¶¶2-3, Ex. B. During the course of the sentencing hearing, Petitioner's attorney requested that Common Pleas order "the effective date of the [2007] sentence to be today[,]" *i.e.*, August 27, 2007, as well as that this sentence would run "concurrently with the technical parole violation [Petitioner had] already received from his green sheet of a one[-]year sentence." *Id.*, Ex. A at 9.[1] Common Pleas expressed doubts as to whether Petitioner's 2007 sentence could be served simultaneously with backtime for a technical parole violation, but ultimately ruled that "[t]o the extent that the Court [has the authority], this sentence can run concurrently with the . . . parole sentence on the technical violations[,]" as well as that Petitioner would commence serving the 2007 sentence immediately. *Id.*, Ex. A. at 14-15, 27. Despite this, the Department ultimately calculated the date upon which Petitioner began serving his 2007 sentence as July 21, 2013. *Id.*, Ex. B.[2]

---

[1] Neither Petitioner nor Respondents provide any insight as to which specific carceral sentence this technical violation pertains, nor do they provide any other details regarding the decision by what was then known as the Pennsylvania Board of Probation and Parole (Board) to declare Petitioner a technical parole violator.

[2] According to Petitioner: "On about December 14, 2015[, he] received a DC-16E Sentencing Status Summary . . . that listed [the] effective . . . date [on his 2007 sentence as] July
**(Footnote continued on next page…)**

On November 8, 2021, Petitioner filed his Mandamus Petition with our Court. Respondents then submitted their preliminary objections on January 19, 2022, to which Petitioner responded in opposition on February 28, 2022. Both Petitioner and Respondents subsequently filed briefs, in which they articulated in further detail their respective positions.

## II. Discussion

In their preliminary objections, Respondents demur to the Mandamus Petition for two reasons. First, Respondents assert that, by law, Petitioner could not concurrently serve his backtime and his 2007 sentence, because backtime imposed upon a convicted parole violator (CPV) must instead be served prior to service of a new sentence. Respondents' Br. at 11-13. Second, Respondents argue that the agreement that resulted in Petitioner's guilty plea did not mandate that Petitioner would serve his backtime and his 2007 sentence concurrently. *Id.* at 13.

> In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.
>
> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review] and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed

21, 2013[, rather than] August 27, 2007." Mandamus Pet. ¶7. At this stage, we may only rely on the averments in the Mandamus Petition and the documents attached thereto. We note, however, that there is nothing in either the Mandamus Petition or the attached documents that clearly explains how the Department determined that July 21, 2013 was the effective date of Petitioner's 2007 sentence.

3

> to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the [petition for review].

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (citations omitted). "[C]ourts reviewing preliminary objections may not only consider the facts pled in the [petition for review], but also any documents or exhibits attached to it." *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014).

With regard to the general nature of Petitioner's claim, "mandamus is an extraordinary writ which lies to compel performance of a ministerial act or mandatory duty where there is a clear legal right in the petitioner, a corresponding duty in the respondent, and a want of any other appropriate and adequate remedy." *Cooper v. City of Greensburg*, 363 A.2d 813, 815 (Pa. Cmwlth. 1976). "The purpose of mandamus is not to establish legal rights but only to enforce those legal rights that have already been established." *Orange Stones Co. v. City of Reading, Zoning Hearing Bd.*, 32 A.3d 287, 290 (Pa. Cmwlth. 2011). "Mandamus will lie only to compel public officials to perform their duties in accordance with the law [when] those duties are ministerial in character and not discretionary." *Rakus v. Robinson*, 382 A.2d 770, 772 (Pa. Cmwlth. 1978) (citing *Rose Tree Media Sch. Dist. v. Dep't of Pub. Instruction*, 244 A.2d 754 (Pa. 1968)).

> Mandamus can only be used to compel performance of a ministerial duty and will not be granted in doubtful cases.
>
> Notwithstanding, mandamus is an appropriate remedy to correct an error in [the Department's] computation of maximum and minimum dates of confinement where the sentencing order clearly gives the inmate credit for the time period in question and [the Department's] computation does not comply with that credit. However, mandamus is not available to challenge [the Department's] failure to give credit where the sentencing order is either ambiguous or does not specify the credit at issue.

*Allen*, 103 A.3d at 370 (internal citations omitted).

4

Respondents' first argument is fundamentally flawed. They assert, in relevant part, that "[o]nce Petitioner plead [sic] guilty on August 27, 2007, to the murder and related offenses, he became a CPV and thus was required to serve significant backtime on his state sentence at number CX-1578 before beginning to serve his [15] to [30-]year state sentence on number MH-0713." Respondents' Br. at 12. This statement, however, is simply incorrect. Per Section 21.1(a) of the former Parole Act,[3] which was still in effect in 2007:

> Convicted Violators. Any parolee under the jurisdiction of the [Board] released from any penal institution of the [C]ommonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, from which he is convicted or found guilty by a judge or jury or to which he pleads guilty or *nolo contendere* at any time thereafter in a court of record, may, at the discretion of the [B]oard, be recommitted as a parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole . . . The period of time for which the parole violator is required to serve shall be computed from and begin on the date that he is taken into custody to be returned to the institution as a parole violator.
>
> If a new sentence is imposed upon such parolee, the service of the balance of said term originally imposed shall precede the commencement of the new term imposed in the following cases:
>
>> (1) If a person is paroled from any State penal or correctional institution under the control and supervision of the Department of Justice and the new sentence imposed upon him is to be served in any such State penal or correctional institution.

---

[3] Act of August 6, 1941, P.L. 861, *as amended*, added by the Act of August 24, 1951, P.L. 1401, *formerly* 61 P.S. § 331.21a(a), repealed by the Act of August 11, 2009, P.L. 147.

5

(2) If a person is paroled from a county penal or correctional institution and the new sentence imposed upon him is to be served in the same county penal or correctional institution.

In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

*Former* 61 P.S. § 331.21a(a).[4] Thus, contrary to Respondents' position, a parolee did not automatically become a CPV under the former Parole Act merely because they were convicted of a new crime; instead, the Board had to exercise its discretion to affirmatively declare that the parolee should "be recommitted as a parole violator." *Id.* Therefore, Respondents' argument on this point is, at best, predicated upon a misstatement of the law.

Furthermore, to the extent Respondents assert that the Board did indeed exercise such discretion by declaring Petitioner to be a CPV, they impermissibly rely on facts that exist outside of the Mandamus Petition. "[W]hen considering a demurrer, a court cannot consider matters collateral to the [petition for review], but must limit itself to such matters as appear therein, and an effort to supply facts missing from the objectionable pleading makes the preliminary objection in the nature of a demurrer an impermissible 'speaking demurrer.'" *Mobley v. Coleman*, 65 A.3d 1048, 1053 (Pa. Cmwlth. 2013). It is true that

former Section 21.1a(a) [of the Parole Act, which pertained to CPVs,] mandated that sentences for crimes committed on parole be served consecutively with time remaining on original sentences and that neither the courts nor the Board may impose concurrent sentences. Further, a CPV must serve his backtime prior to serving his new sentence.

_____

[4] Curiously, Respondents base their first argument upon the Prisons and Parole Code, 61 Pa. C.S. §§ 101-6309, which did not go into effect until October 13, 2009.

*Palmer v. Pa. Bd. of Prob. & Parole*, 134 A.3d 160, 165 (Pa. Cmwlth. 2016). However, there is no proof at this juncture that the Board *ever* declared that Petitioner was a CPV due to his 2007 guilty plea and sentencing.[5]

Respondents' second argument is similarly unavailing. To reiterate, Common Pleas explicitly stated that Petitioner was to begin serving his 2007 sentence immediately upon sentencing, as well as that this sentence would run concurrently, to the extent allowed by law, with any backtime imposed as a result of Petitioner's technical parole violations. Mandamus Pet., Ex. A. at 27. It is therefore irrelevant whether the underlying plea agreement called for such concurrent service, because it was a component of the sentence imposed by Common Pleas.

### III. Conclusion

In light of the foregoing analysis, we conclude that Respondents have failed to present legally valid demurrers to the Mandamus Petition. As we are limited by law to considering only those arguments Respondents saw fit to present, we are thus constrained to overrule their preliminary objections. *See* Pa. R.Civ.P. 1028(b), 1032(a). Accordingly, we also direct Respondents to answer the Mandamus Petition within 30 days.

_____
ELLEN CEISLER, Judge

---

[5] In support of their assertion that Petitioner was recommitted as a CPV, Respondents attempt to rely upon an oblique reference in a Sentence Status Summary that is appended to the Mandamus Petition. *See* Respondents' Br. at 12 (citing Mandamus Pet., Ex. B). This reference reads as follows: "Sentence start date at MH0713 is 12/09/2015 due to completing the sentence at CX1578 on 12/08/2015. CP2215-2005 CTs 2, 3, & 4 EACH MAXED ON 07/21/2015." Mandamus Pet., Ex. B at 1. This sheds no light on any actions the Board may have taken, nor does it account for the Department's conclusion that Petitioner had started serving his 2007 sentence on July 21, 2013.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kareem George, :
                Petitioner :
                 :
     v. : No. 409 M.D. 2021
                 :
Commonwealth of Pennsylvania, :
Department of Corrections, :
Records Supervisor, Kathleen :
Witmer, SCI Rockview, :
Superintendent, Bobi Jo Solomon, :
              Respondents :

**O R D E R**

AND NOW, this 15th day of August, 2023, it is hereby ORDERED that Respondents Commonwealth of Pennsylvania, Department of Corrections; Records Supervisor Kathleen Witmer; and SCI Rockview Superintendent Bobi Jo Solomon's (collectively, Respondents) preliminary objections to Petitioner Kareem George's Petition for Writ of Mandamus (Mandamus Petition) are OVERRULED. Respondents shall answer the Mandamus Petition within 30 days.

_____
ELLEN CEISLER, Judge